**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

——————————————————————— x

James Filardi, individually and on      :
behalf of all others similarly situated,    :

                           :   Case No. 23-cv-11170

          Plaintiff,       :
v.                           :

                           :   **CLASS ACTION COMPLAINT**

                           :

Mid America Pet Food LLC,       :   <u>**JURY TRIAL DEMANDED**</u>

                           :

         Defendant.       :

                           :

                           :

——————————————————————— x

Plaintiff James Filardi (hereinafter "Plaintiff"), individually and on behalf of all others similarly situated New York residents who bought the Products as defined below in New York, by and through his attorneys, alleges the following upon information and belief, except for those allegations pertaining to Plaintiff, which are based on personal knowledge:

<u>**NATURE OF THE ACTION**</u>

1.     Plaintiff brings this action to remedy the deceptive and misleading business practices of Mid America Pet Food LLC (hereinafter "Defendant") with respect to the manufacturing, marketing, and sale of Defendant's Pet Food products throughout the state of New York (hereinafter the "Products"):

- Victor Super Premium Dog Food, Select Beef Meal & Brown Rice Formula;

- Victor Super Premium Dog Food, Select Chicken Meal & Brown Rice Formula;

- Victor Super Premium Dog Food, Select Lamb Meal & Brown Rice Formula;

- Victor Super Premium Dog Food, Select Ocean Fish Formula;

- Victor Super Premium Dog Food, Select Grain Free Chicken Meal & Sweet Potato Recipe;

- Victor Super Premium Dog Food, Select Grain Free Lamb Meal & Sweet Potato Recipe;

- Victor Super Premium Dog Food, Select Grain Free Yukon River Canine;

- Victor Super Premium Dog Food, Purpose Grain Free Active Dog & Puppy;

- Victor Super Premium Dog Food, Purpose Grain Free Hero Canine;

- Victor Super Premium Dog Food, Purpose Grain Free Ultra Pro;

- Victor Super Premium Dog Food, Purpose Performance;

- Victor Super Premium Dog Food, Purpose Nutra Pro;

- Victor Super Premium Dog Food, Purpose Senior Healthy Weight;

- Victor Super Premium Dog Food, Classic Elite Canine;

- Victor Super Premium Dog Food, Classic High Energy;

- Victor Super Premium Dog Food, Classic Hi-Pro Plus;

- Victor Super Premium Dog Food, Classic Multi-Pro;

- Victor Super Premium Dog Food, Classic Professional;

- Victor Super Premium Dog Food, Realtree Edge Energy;

- Victor Super Premium Dog Food, Realtree Max-5 Pro;

- Wayne Feeds Dog Food, High Energy;

- Wayne Feeds Dog Food, Original;

- Wayne Feeds Dog Food, Protein Plus;

- Wayne Feeds Gold Dog Food, Sport Protein;

- Wayne Feeds Gold Dog Food, Joint Support;

- Wayne Feeds Gold Dog Food, Puppy Plus;

- Eagle Mountain Pet Food Pro Balance, Dog Food;

- Member's Mark, Beef & Brown Rice Recipe, Dog Food;

- Member's Mark, Salmon & Sweet Potato Recipe, Dog Food;

- Victor Super Premium Cat Food, Hi-Pro Plus Active Cat & Kitten;

- Victor Super Premium Cat Food, Grain Free Fit Feline Indoor Cat;

- Victor Super Premium Cat Food, Grain Free Healthy Skin & Coat Indoor Cat;

- Victor Super Premium Cat Food, Mers Feline;

- Wayne Feeds Gold Cat Food, Ranch & Sea Recipe;

- Wayne Feeds Cat Food, Barn Cat Plus.

2.      Defendant has improperly, deceptively, and misleadingly labeled and marketed its Products to reasonable consumers, like Plaintiff, by omitting and not disclosing to consumers on its packaging that consumption of the Products may increase the risk of contracting Salmonella.

3.      As described in further detail below, the Products contain *Salmonella*, which could lead to serious and life-threatening adverse health consequences.

4.      Defendant specifically lists the ingredients in the Products on the labeling; however, Defendant fails to disclose that the Products contain, or are at the risk of containing, *Salmonella*.

5.      A few representative examples of Defendant's lack of disclosure on the Products are depicted below:

3













6






















6.      *Salmonella* is recognized to be a dangerous substance.  *Salmonella* can cause diarrhea, fever, abdominal cramping, chills, headache, and nausea/vomiting.

7.      Consumers like the Plaintiff trust manufacturers such as Defendant to sell products that are safe and free from harmful known substances, including *Salmonella*.[1]

8.      Plaintiff and those similarly situated New York residents who purchased the Products in New York (hereinafter "Class Members") certainly expect that the pet food products they purchase will not contain, or risk containing, any knowingly harmful substances that cause disease including *Salmonella*.

9.      Unfortunately for consumers like Plaintiff, contrary to their reasonable expectations, the pet food Products they purchased contained *Salmonella*.[2]

10.     In fact, Defendant recently conducted a Product recall on October 20, 2023 and then expanded the recall on November 9, 2023 (collectively as the "Recall").[3]

11.     Independent testing confirmed and demonstrated the presence of *Salmonella* in the Products.

12.     Defendant is using a marketing and advertising campaign that labels the Products as "PREMIUM" yet omits from the ingredients list that the Products contain *Salmonella*.  This omission leads a reasonable consumer to believe they are not purchasing a product with a known bacterium when in fact they are purchasing a product contaminated with *Salmonella*.

13.     Defendant's marketing and advertising campaign includes the one place that every consumer looks when purchasing a product – the packaging and labels themselves.  As such, a

---

[1] https://www.hopkinsmedicine.org/health/conditions-and-diseases/salmonella-infections
[2] https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/mid-america-pet-food-issues-voluntary-recall-victor-beef-meal-rice-dog-food-due-possible-salmonella; https://www.fda.gov/safety/recalls-market-withdrawals-safety-alerts/mid-america-pet-food-expands-voluntary-recall-include-additional-dog-and-cat-food-products-due
[3] Id.

reasonable consumer reviewing Defendant's labels reasonably believes that they are purchasing Products that are safe for oral ingestion and do not contain any harmful bacterium. Indeed, consumers expect the ingredient listing on the packaging and labels to accurately disclose the ingredients within the Products. Thus, reasonable consumers would not think that Defendant is omitting that the Products contain, or are at risk of containing, *Salmonella.*

14.   Defendant's advertising and marketing campaign is false, deceptive, and misleading because the Products do contain, or risk containing, *Salmonella*, which is dangerous to health and well-being or both the pets who consume the food and the humans who are handling the food. Nevertheless, Defendant does not list or mention *Salmonella* anywhere on the Products' packaging or labeling.

15.   Plaintiff and Class Members relied on Defendant's misrepresentations and omissions of the safety of the Products and what is in the Products when they purchased them.

16.   Consequently, Plaintiff and Class Members lost the entire benefit of their bargain when what they received was a pet food product contaminated with a known bacterium that is harmful to consumers' pets' health.

17.   That is because Defendant's Products containing, or at risk of containing, a known dangerous substance have no value.

18.   As set forth below, pet food products, such as Defendant's Products, are in no way safe for dogs and cats and are entirely worthless.

19.   Alternatively, Plaintiff and Class Members paid a price premium for the Products based upon Defendant's marketing and advertising campaign including its false and misleading representations and omission on the Products' labels. The price premium is due to the diminished value of *Salmonella*-contaminated Products, which are worth less than the Products as

advertised—in other words, Products free of *Salmonella*. Given that Plaintiff and Class Members paid a premium for the Products, Plaintiff and Class Members suffered an injury in the amount of the premium paid.

20.    As a result of the Products' contamination, purchasers of the Products, including Plaintiff, sustained additional damages through their pets' *Salmonella* infections and by being forced to care for pets that became ill, with many paying significant expenditures for medical care including, but not limited to, vet bills, hospital bills, and/or medicine. Further, because Defendant then stopped producing the Products, Plaintiff and Class Members were forced to find other pet food to feed to their pets and ended up paying more money to feed their pets. The sudden change in diet also raises the potential for health issues for their pets.

21.    Accordingly, Defendant's conduct violated and continues to violate, *inter alia*, New York General Business Law §§349 and 350.

22.    Plaintiff brings this action against Defendant on behalf of himself and Class Members who purchased the Products during the applicable statute of limitations period (the "Class Period").

## FACTUAL BACKGROUND

23.    Defendant manufactures, markets, advertises, and sells pet food products.

24.    Consumers have become increasingly concerned about the effects of ingredients in products that their pets orally ingest. Companies, such as Defendant, have capitalized on consumers' desire for pet food products, and indeed, consumers are willing to pay, and have paid, a premium for these products.

25.    Consumers lack the meaningful ability to test or independently ascertain or verify whether a product contains unsafe substances, such as *Salmonella*, especially at the point of sale,

and therefore must and do rely on Defendant to truthfully and honestly report what the Products contain or are at risk of containing on the Products' packaging or labels.

26.     The Products' packaging does not identify *Salmonella*. *Salmonella* is not listed in the ingredients section, nor is there any warning about the inclusion (or even potential inclusion) of *Salmonella* in the Products.  This leads reasonable consumers to believe the Products do not contain, and are not at risk of containing, *Salmonella*.

27.     However, the Products contain, or are at risk of containing, *Salmonella*.

28.     *Salmonella* infection (salmonellosis) is a common bacterial disease that affects the intestinal tract.  Salmonella bacteria typically live in animal and human intestines and are shed through stool (feces).[4]

29.     Independent testing confirmed and demonstrated the presence of *Salmonella* in the Products.

30.     Defendant is a large and sophisticated corporation that has been in the business of producing, manufacturing, selling, and distributing pet food products for many years, including producing and manufacturing the Products.

31.     Defendant is in the unique and superior position of knowing the ingredients and raw materials used in the manufacturing of its Products and possesses unique and superior knowledge regarding the manufacturing process of the Products, the manufacturing process of the ingredients and raw materials the Products contain, and the risks associated with those processes, such as the risk of *Salmonella* contamination.

---

[4] https://www.mayoclinic.org/diseases-conditions/salmonella/symptoms-causes/syc-20355329

32.     Accordingly, Defendant possesses superior knowledge regarding the risks involved in the production and manufacturing of its Products.  Such knowledge is not readily available to consumers like Plaintiff and Class Members.

33.     Defendant has a duty to provide consumers, like Plaintiff and Class Members, with accurate information about the contents of the Products.

34.     Therefore, Defendant's false, misleading, and deceptive omissions regarding the Products containing *Salmonella* is likely to continue to deceive and mislead reasonable consumers and the public, as they have already deceived and misled Plaintiff and the Class Members.

35.     Defendant's misrepresentation and omission were material and intentional because people are concerned with what is in the products that they feed to their pets.  Consumers such as Plaintiff and the Class Members are influenced by the marketing and advertising campaign, the Products labels, and the listed ingredients.  Defendant knows that if they had not omitted that the Products contained *Salmonella*, then Plaintiff and the Class would not have purchased the Products at all.

36.     Through its deceptive advertising and labeling, Defendant has violated, *inter alia*, NY General Business Law § 392-b by: a) putting upon an article of merchandise, bottle, wrapper, package, label, or other thing containing or covering such an article, or with which such an article is intended to be sold, or is sold, a false description or other indication of or respecting the kind of such article or any part thereof; and b) selling or offering for sale an article which, to its knowledge, is falsely described or indicated upon any such package or vessel containing the same, or label thereupon, in any of the particulars specified.

37.     Consumers, including Plaintiff and Class Members, rely on marketing and information in making purchasing decisions.

14

38.    By omitting that the Products include *Salmonella* on the labels of the Products throughout the Class Period, Defendant knows that those omissions are material to consumers since they would not purchase a product with a harmful bacterium.   Defendant further knows Plaintiff and Class Members will pay a price premium for Products they believe are safe for pets' ingestion, when in fact the Products are contaminated with *Salmonella* and are worthless, or worth less than the Products as advertised.

39.    Defendant's deceptive representation and omission are material in that a reasonable person would attach importance to such information and would be induced to act upon such information in making purchase decisions.

40.    Plaintiff and the Class Members reasonably relied to their detriment on Defendant's misleading representations and omissions.

41.    Defendant's false, misleading, and deceptive misrepresentation and omission are likely to continue to deceive and mislead reasonable consumers and the general public, as they have already deceived and misled Plaintiff and the Class Members.

42.    In making the false, misleading, and deceptive representation and omission described herein, Defendant knows and intended that consumers would pay a premium for a product marketed without *Salmonella* over comparable products not so marketed.

43.    As an immediate, direct, and proximate result of Defendant's false, misleading, and deceptive representation and omission, Defendant injured Plaintiff and the Class Members in that they:

a.    Paid a sum of money for Products that were not what Defendant represented;

b.    Paid a premium price for Products that were not what Defendant represented;

c.      Were deprived of the benefit of the bargain because the Products they purchased was different from what Defendant warranted;

d.      Were deprived of the benefit of the bargain because the Products they purchased had less value than what Defendant represented;

e.      Their pets ingested a substance that was of a different quality than what Defendant promised; and

f.      Were denied the benefit of the properties of the Products Defendant promised.

44.     Had Defendant not made the false, misleading, and deceptive representation and omission, Plaintiff and the Class Members would not have been willing to pay the same amount for the Products they purchased because Products contaminated with *Salmonella* are worthless, or at least worth less than products not contaminated with Salmonella and, consequently, Plaintiff and the Class Members would not have been willing to purchase the Products or would have paid less for the Products.

45.     Plaintiff and the Class Members bargained and paid for Products that do not contain *Salmonella*. Since the Products do indeed contain *Salmonella*, a harmful bacterium, the Products Plaintiff and the Class Members received were worth less than the Products for which they paid.

46.     Plaintiff and the Class Members all paid money for the Products; however, Plaintiff and the Class Members did not obtain the full value of the advertised Products due to Defendant's misrepresentations and omissions. Plaintiff and the Class Members purchased, purchased more of, and/or paid more for, the Products than they would have had they known the truth about the Products. Consequently, Plaintiff and the Class Members have suffered injury in fact and lost money as a result of Defendant's wrongful conduct.

47.     Plaintiff and Class Members read and relied on Defendant's representation about the benefits of using the Products and purchased Defendant's Products based thereon. Had

16

Plaintiff and Class Members known the truth about the Products, i.e., that it contains a harmful bacterium (i.e. *Salmonella*), they would not have been willing to purchase it at any price, or, at minimum would have paid less for it.

## JURISDICTION AND VENUE

48.     This Court has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. section §1332(d) in that (1) this is a class action involving more than 100 class members; (2) Plaintiff is a citizen of New York, and Defendant Mid-America Pet Food, L.L.C. is a citizen of Texas; and (3) the amount in controversy is in excess of $5,000,000, exclusive of interests and costs.

49.     This Court has personal jurisdiction over Defendant because Defendant conducts and transacts business in the state of New York, contracts to supply goods within the state of New York, releases its Products in the stream of commerce directed at the state of New York, and supplies goods within the state of New York.

50.     Venue is proper because Plaintiff and many Class Members reside in the Southern District of New York, and throughout the state of New York.  A substantial part of the events or omissions giving rise to the Classes' claims occurred in this district.

## PARTIES

**Plaintiff**

51.     Plaintiff is a citizen and resident of Dutchess County, New York.  During the applicable statute of limitations period, Plaintiff purchased the Products for his dog.   Plaintiff's dog ingested Defendant's Products that contained *Salmonella*, including Products that were subject to the recall.  More specifically, during the class period Plaintiff purchased the Victor Select Yukon River Canine Grain Free with Salmon & Sweet Potato Product at Tractor Supply brick-and-mortar

stores in both Dutchess County, New York and Orange County, New York for a purchase price of approximately $17.98.

52.    Plaintiff's dog became ill after eating the Products.

53.    Had Defendant not made the false, misleading, and deceptive representations and omissions regarding the contents of the Products, Plaintiff would not have been willing to purchase the Products.  Plaintiff purchased, purchased more of, and/or paid more for, the Products than he would have had he known the truth about the Products.  The Products Plaintiff received were worthless because they contain the known harmful substance, *Salmonella*.  Alternatively, Plaintiff paid a price premium based on Defendant's false, misleading, and deceptive misrepresentations and omissions.  Accordingly, Plaintiff was injured in fact and lost money as a result of Defendant's improper conduct.

**Defendant**

54.    Defendant, Mid America Pet Food LLC is a Texas company with its principal place of business in Mount Pleasant, Texas.

55.    Defendant manufactures, markets, advertises, and distributes the Products throughout the United States.  Defendant created and/or authorized the false, misleading, and deceptive advertisements, packaging, and labeling of its Products.

## CLASS ALLEGATIONS

56.    Plaintiff brings this matter on behalf of himself and those similarly situated New York residents who bought any of the Products in the state of New York ("the Class").  As detailed at length in this Complaint, Defendant orchestrated deceptive marketing and labeling practices. Defendant's customers were uniformly impacted by and exposed to this misconduct.  Accordingly, this Complaint is uniquely situated for class-wide resolution.

57.    The Class is properly brought and should be maintained as a class action under Rule 23(a), satisfying the class action prerequisites of numerosity, commonality, typicality, and adequacy because:

58.    <u>Numerosity</u>: Class Members are so numerous that joinder of all members is impracticable.  Plaintiff believes that there are thousands of consumers in the Class as described above who have been damaged by Defendant's deceptive and misleading practices.

59.    <u>Commonality</u>: The questions of law and fact common to the Class Members which predominate over any questions which may affect individual Class Members include, but are not limited to:

a.    Whether Defendant was responsible for the conduct alleged herein which was uniformly directed at all consumers who purchased the Products;

b.    Whether Defendant's misconduct set forth in this Complaint demonstrates that Defendant has engaged in unfair, fraudulent, or unlawful business practices with respect to the advertising, marketing, and sale of its Products;

c.    Whether Defendant made false and/or misleading statements and omissions to the Class and the public concerning the contents of its Products;

d.    Whether Defendant's false and misleading statements and omissions concerning its Products were likely to deceive the public; and

e.    Whether Plaintiff and the Class are entitled to money damages under the same causes of action as the other Class Members?

60.    <u>Typicality</u>: Plaintiff is a member of the Class.  Plaintiff's claims are typical of the claims of each Class Member in that every member of the Class was susceptible to the same

deceptive, misleading conduct and purchased Defendant's Products. Plaintiff is entitled to relief under the same causes of action as the other Class Members.

61. <u>Adequacy</u>: Plaintiff is an adequate Class representative because his interests do not conflict with the interests of the Class Members he seeks to represent, his consumer protection claims are common to all members of the Class, he has a strong interest in vindicating his rights, he has retained counsel competent and experienced in complex class action litigation, and counsel intends to vigorously prosecute this action.

62. <u>Predominance</u>: Pursuant to Rule 23(b)(3), common issues of law and fact identified above predominate over any other questions affecting only individual members of the Class. The Class issues fully predominate over any individual issues because no inquiry into individual conduct is necessary; all that is required is a narrow focus on Defendant's deceptive and misleading marketing and labeling practices.

63. <u>Superiority</u>: A class action is superior to the other available methods for the fair and efficient adjudication of this controversy because:

      a. The joinder of thousands of individual Class Members is impracticable, cumbersome, unduly burdensome, and a waste of judicial and/or litigation resources;

      b. The individual claims of the Class Members may be relatively modest compared with the expense of litigating the claims, thereby making it impracticable, unduly burdensome, and expensive—if not totally impossible—to justify individual actions;

      c. When Defendant's liability has been adjudicated, all Class Members' claims can be determined by the Court and administered efficiently in a

manner far less burdensome and expensive than if it were attempted through filing, discovery, and trial of all individual cases;

        d.  This class action will promote orderly, efficient, expeditious, and appropriate adjudication and administration of Class claims;

        e.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action;

        f.  This class action will assure uniformity of decisions among Class Members;

        g.  The Class is readily definable and prosecution of this action as a class action will eliminate the possibility of repetitious litigation;

        h.  Class Members' interests in individually controlling the prosecution of separate actions is outweighed by their interest in efficient resolution by a single class action; and

        i.  It would be desirable to concentrate in this single venue the litigation of all Class Members who were induced by Defendant's uniform false advertising to purchase their Products.

64.    Accordingly, this Class is properly brought and should be maintained as a class action under Rule 23(b)(3) because questions of law or fact common to Class Members predominate over any questions affecting only individual members, and because a class action is superior to other available methods for fairly and efficiently adjudicating this controversy.

## CLAIMS

### FIRST CAUSE OF ACTION
### VIOLATION OF NEW YORK GBL § 349
**(On Behalf of Plaintiff and other Members of the Class)**

65.    Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

66.    New York General Business Law Section 349 ("GBL § 349") declares unlawful "[d]eceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service in this state . . ."

67.    The conduct of Defendant alleged herein constitutes recurring, "unlawful" deceptive acts and practices in violation of GBL § 349, and as such, Plaintiff and the other Class Members seek monetary damages against Defendant, enjoining them from inaccurately describing, labeling, marketing, and promoting the Products.

68.    Defendant misleadingly, inaccurately, and deceptively advertise and market their Products to consumers.

69.    Defendant's improper consumer-oriented conduct—including failing to disclose that the Products have *Salmonella*—is misleading in a material way in that it, *inter alia*, induced Plaintiff and the other Class Members to purchase Defendant's Products and to use the Products when they otherwise would not have.  Defendant made the untrue and/or misleading statements and omissions willfully, wantonly, and with reckless disregard for the truth.

70.    Plaintiff and the other Class Members have been injured inasmuch as they purchased Products that were mislabeled, unhealthy, and entirely worthless.  Accordingly, Plaintiff and the other Class Members received less than what they bargained and paid for.

71.     Defendant's advertising and Products' packaging and labeling induced Plaintiff and the other Class Members to buy Defendant's Products.

72.     Defendant's deceptive and misleading practices constitute a deceptive act and practice in the conduct of business in violation of New York General Business Law §349(a) and Plaintiff and the other Class Members have been damaged thereby.

73.     As a result of Defendant's recurring, "unlawful" deceptive acts and practices, Plaintiff and the other Class Members are entitled to monetary, statutory, compensatory, treble and punitive damages, restitution, and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

### SECOND CAUSE OF ACTION
### VIOLATION OF NEW YORK GBL § 350
**(On Behalf of Plaintiff and the other Members of the Class)**

74.     Plaintiff repeats and realleges each and every allegation contained in all the foregoing paragraphs as if fully set forth herein.

75.     N.Y. Gen. Bus. Law § 350 provides, in part, as follows:

> False advertising in the conduct of any business, trade, or commerce or in the furnishing of any service in this state is hereby declared unlawful.

76.     N.Y. Gen. Bus. Law § 350a(1) provides, in part, as follows:

> The term 'false advertising, including labeling, of a commodity, or of the kind, character, terms or conditions of any employment opportunity if such advertising is misleading in a material respect. In determining whether any advertising is misleading, there shall be taken into account (among other things) not only representations made by statement, word, design, device, sound or any combination thereof, but also the extent to which the advertising fails to reveal facts material in the light of such representations with respect to the commodity or employment to which the advertising relates under the conditions proscribed in said advertisement, or under such conditions as are customary or usual . . .

77.    Defendant's labeling and advertisements contain untrue and materially misleading statements and omissions concerning its Products inasmuch as it misrepresents that the Products are safe for use and doesn't list that the Products contain *Salmonella*.

78.    Plaintiff and the other Class Members have been injured inasmuch as they relied upon the labeling, packaging, and advertising and purchased Products that were mislabeled, unhealthy, and entirely worthless.  Accordingly, Plaintiff and the other Class Members received less than what they bargained and paid for.

79.    Defendant's advertising, packaging, and Products' labeling induced Plaintiff and the other Class Members to buy Defendant's Products.

80.    Defendant made its untrue and/or misleading statements and representations willfully, wantonly, and with reckless disregard for the truth.

81.    Defendant's conduct constitutes multiple, separate violations of N.Y. Gen. Bus. Law § 350.

82.    Defendant made the material misrepresentations described in this Complaint in its advertising and on the Products' packaging and labeling.

83.    Defendant's material misrepresentations were substantially uniform in content, presentation, and impact upon consumers at large.  Moreover, all consumers purchasing the Products were and continue to be exposed to Defendant's material misrepresentations.

84.    As a result of Defendant's recurring, "unlawful" deceptive acts and practices, Plaintiff and the other Class Members are entitled to monetary, statutory, compensatory, treble and punitive damages, restitution, and disgorgement of all moneys obtained by means of Defendant's unlawful conduct, interest, and attorneys' fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of himself and the Class, prays for judgment as follows:

(a) Declaring this action to be a proper class action and certifying Plaintiff as the representative of the Class under Rule 23 of the FRCP;

(b) An Order requiring Defendant to establish a blood testing program for the pets of Plaintiff and the Class, as well as to establish a medical monitoring protocol for the pets of Plaintiff and the Class to monitor the pets' individual health and diagnose at an early stage any ailments associated with exposure to *Salmonella*;

(c) Awarding monetary damages and treble damages;

(d) Awarding statutory damages of $50 per transaction, and treble damages for knowing and willful violations, pursuant to N.Y. GBL § 349;

(e) Awarding statutory damages of $500 per transaction pursuant to N.Y. GBL § 350;

(f) Awarding punitive damages;

(g) Awarding Plaintiff and Class Members their costs and expenses incurred in this action, including reasonable allowance of fees for Plaintiff's attorneys, experts, and reimbursement of Plaintiff's expenses; and

(h) Granting such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues.

Dated: December 22, 2023

**REESE LLP**

*/s/ Michael R. Reese*
Michael R. Reese
Sue J. Nam
Carlos F. Ramirez
100 West 93rd Street, 16th Floor
New York, New York 10025
Tel: (212) 643-500
mreese@reesellp.com
snam@reesellp.com
cramirez@reesellp.com

Charles Moore
**REESE LLP**
100 South 5th Street, Suite 1900
Minneapolis, Minnesota 55402
cmoore@reesellp.com

George V. Granade
**REESE LLP**
8484 Wilshire Boulevard, Suite 515
Los Angeles, California 90211
Tel: (310) 393-0070
ggranade@reesellp.com

**THE SULTZER LAW GROUP P.C.**
Jason P. Sultzer, Esq.
Daniel Markowitz, Esq.
85 Civic Center Plaza, Suite 200
Poughkeepsie, NY 12601
Tel: (845) 483-7100
sultzerj@thesultzerlawgroup.com
markowitzd@thesultzerlawgroup.com

Nick Suciu III, Esq.
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
6905 Telegraph Road, Suite 115
Bloomfield Hills, MI 48301
Tel: (313) 303-3472
nsuciu@milberg.com

26

Trenton R. Kashima
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
401 West C St., Suite 1760
San Diego, California 92101
Tel: (714) 651-8845
tkashima@milberg.com

Russell Busch
**MILBERG COLEMAN BRYSON
PHILLIPS GROSSMAN, PLLC**
405 E 50th Street
New York, New York 10022
Tel: (630) 796-0903
rbusch@milberg.com

*Counsel for Plaintiff and the Class*