USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __9/23/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JAMES FILARDI, COURTNEY ANDERSEN, LISA BURMEISTER, KENNETH LEONARD, DOROTHY PETERSEN, STEPHANIE RANEY, IRENE NUNEZ, CONRADO MOREIRA, KIARA REED, NACOLE HOUSTON, MONIKA BENNETT, JASON JARRELL, ALISON BARNHILL, KIMBERLEE FERRIS, JEFFREY GOULD, MELISSA SWARINGEN-ORTON, MICHELLE RUBIANO, and COLEMAN STEPHENS on behalf of themselves and all others similarly situated,<br><br>        Plaintiffs,<br><br>v.<br><br>MID-AMERICA PET FOOD, L.L.C.<br><br>        Defendant. | Case No. 7:23-cv-11170-NSR |

### ORDER GRANTING UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

Before the Court is the Unopposed Motion for Preliminary Approval of Class Action Settlement ("Motion") [1] of Plaintiffs James Filardi, Courtney Andersen, Lisa Burmeister, Kenneth Leonard, Dorothy Petersen, Stephanie Raney, Irene Nunez, Conrado Moreira, Kiara Reed, Nacole Houston, Monika Bennett, Jason Jarrell, Alison Barnhill, Kimberlee Ferris, Jeffrey Gould, Melissa Swaringen-Orton, Michelle Rubiano, and Coleman Stephens ("Plaintiffs").

Plaintiffs in this lawsuit (the "Litigation") assert claims on behalf of themselves and the proposed Settlement Class arising out of the sale of pet foods allegedly contaminated with

---

[1] Dkt. No. __.

Salmonella manufactured and distributed by Defendant Mid America Pet Food, LLC ("Defendant").[2]

In November 2024, Plaintiffs and Defendant (together, the "Parties") executed a Class Action Settlement Agreement ("Settlement Agreement") on behalf of themselves and the nationwide Settlement Class that Plaintiffs seek to certify. Having thoroughly reviewed the Settlement Agreement and exhibits thereto and having considered the Motion and all related supporting documents submitted therewith, THE COURT HEREBY FINDS, CONCLUDES AND ORDERS THE FOLLOWING:

1. The Parties have agreed to a class action settlement of all Released Claims, including Unknown Claims. Plaintiffs seek, and for purposes of settlement only Defendant does not object to, certification of a Settlement Class with the following definition:

> All persons and entities residing in the United States who purchased one or more of the Mid America Pet Food Products.
>
> Specifically excluded are the following:
>
> (i) persons or entities whose claims are solely based upon the purchase of Mid America Pet Food Products for resale;
>
> (ii) corporate officers, members of the board of directors, and senior management of Defendant;
>
> (iii) persons or entities who otherwise meet the definition of Settlement Class Members, but who previously contacted Defendant prior to and during the pendency of this litigation, signed a release and in exchange received financial compensation from Defendant;
>
> (iv) any and all judges and justices assigned to hear or adjudicate any aspect of this litigation;
>
> (v) any members of the Settlement Class that opt out prior to the opt out deadline;

---

[2] Capitalized terms not defined herein shall have the meaning as defined in the Settlement Agreement. Dkt. __.

    (vi)    any entity in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns and successors; and

    (vii)    Class Counsel.

2. For purposes of preliminary approval, this Court assesses the Settlement Agreement under Fed. R. Civ. P. 23(e). Rule 23(e)(1)(B) provides that the Court "must direct notice in a reasonable manner" to proposed Settlement Class Members "if giving notice is justified by the parties' showing that the court will likely be able to (i) approve the proposal [as fair, reasonable, and adequate] under Rule 23(e)(2) and (ii) certify the class for purposes of judgment on the proposal." Fed. R. Civ. P. 23(e)(1)(B).

### Likely Approval as Fair, Reasonable and Adequate

3. To determine whether the Settlement Agreement is fair, reasonable and adequate, Rule 23(e)(2) directs the Court to consider whether:

> (A) the class representatives and class counsel have adequately represented the class; (B) the proposal was negotiated at arm's length; (C) the relief provided for the class is adequate, taking into account: (i) the costs, risks, and delay of trial and appeal; (ii) the effectiveness of any proposed method of distributing relief to the class, including the method of processing class-member claims; (iii) the terms of any proposed award of attorney's fees, including timing of payment; and (iv) any agreement required to be identified under Rule 23(e)(3); and (D) the proposal treats class members equitably relative to each other.

Fed. R. Civ. P. 23(e)(2).

4. The proposed Class Representatives are adequately representing the proposed Settlement Class: they share the same alleged injury (injury from the purchase of contaminated pet food) and the same interest (maximizing recovery related to the pet food contamination). Jeffrey Goldenberg, Goldenberg Schneider, LPA; Charles Schaffer, Levin Sedran Berman, LLP; Jason Sultzer, Sultzer & Lipari, PLLC; and Carlos F. Ramirez, Reese LLP are also adequately representing the proposed Settlement Class as Lead Class Counsel.

5. There is no question that the Parties are at arm's length. The Settlement Agreement appears to be the result of extensive, non-collusive, arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the case through mediation-related discovery and whose negotiations were supervised by a respected class-action mediator, the Honorable Diane M. Welsh (Ret.) of JAMS.

6. The proposed Settlement creates a $5,500,000 Settlement Fund from which Settlement Class Members may submit Pet Injury Claims and/or Food Purchase Claims. Settlement Class Members who file valid Pet Injury Claims and/or valid Consumer Food Purchase Claims shall have those claims adjudicated and paid according to the Plan of Allocation as described in the Settlement Agreement, which the Court has reviewed and preliminarily approves.

7. The Settlement Agreement, including the Plan of Allocation, provides adequate relief to the proposed Settlement Class. If the Settlement Agreement had not been reached, it is apparent that the Parties planned to vigorously contest this case through a motion to dismiss, motion for class certification, as well as a summary judgment motion, and Plaintiffs' chances at trial also would have been uncertain. In light of the costs, risks and delay of trial and appeal, including taking into consideration the current financial and operational challenges faced by Defendant, the compensation available through the Settlement Agreement is at least adequate for purposes of Rule 23(e)(1).

8. There is no reason to doubt the effectiveness of distributing relief under the Settlement Agreement. As further addressed below, the Parties propose a Notice Program reasonably calculated to reach as many members as practicable of the proposed Settlement Class, satisfying Civ. R. 23 and due process requirements.

9. This Court will fully assess the request of Settlement Class Counsel for the attorneys' fees, expenses, and service awards to Plaintiffs after receiving their motion supporting such request. At this stage, the Court finds that the plan to request fees to be paid from the Settlement Fund, which is a true common fund with no reversion, creates no reason not to direct notice to the proposed Settlement Class. In particular, should the Court find any aspect of the requested attorneys' fees, expenses, or service awards unsupported or unwarranted, such funds would not be returned to Defendant, and therefore the Settlement Class would not be prejudiced by directing notice at this time.

10. No agreements required to be disclosed pursuant to Rule 23(e)(3) exist between the Parties aside from those referred to in the Settlement Agreement and/or submitted to the Court.

11. The Settlement Agreement and the Plan of Allocation treat members of the proposed Settlement Class equitably relative to each other because all members of the proposed Settlement Class are eligible to submit Pet Injury Claims and/or Food Purchase Claims. The Settlement is specifically designed to apportion relief among Settlement Class Members based upon the harms they allegedly have suffered and the relative strengths of their claims. For instance, Settlement Class Members with documentation supporting their claims are entitled to payment from a designated amount of the Settlement Fund which shall be used to pay approved documented claims. If these designated funds are not depleted following the full payment of approved documented claims, the remaining designated funds, as well as the remainder of the Net Settlement Fund, will then be used to fund the payment of approved undocumented claims. These are equitable and fair terms.

## Likely Certification of Settlement Class

12. The Court assesses the likelihood that it will be able to certify the proposed Settlement Class under Rules 23(a) and 23(b)(3) (because this Settlement Class seeks damages). *See* Fed. R. Civ. P. 23(a)-(b). The Court makes this assessment for the purposes of settlement only at this time.

13. The proposed Settlement Class is sufficiently numerous under Rule 23(a)(1) because it is estimated to contain hundreds of thousands of members.

14. Resolution of the Litigation would depend on the common answers to common questions, such as whether Defendant maintained adequate quality control over its pet food manufacturing processes and whether it is liable to consumers allegedly injured as a result of purchasing Mid America Pet Food Products covered by this settlement.

15. Plaintiffs' claims are typical of the claims of the members of the proposed Settlement Class because they challenge the same conduct—the sale of contaminated pet food products—and make the same legal arguments. Typicality under Rule 23(a)(3) is satisfied.

16. The proposed Class Representatives, Lead Counsel and Class Counsel will fairly and adequately protect the interests of the proposed Settlement Class. There is no evidence to suggest a conflict of interest, and Lead Class Counsel and Class Counsel are experienced litigators in consumer class actions, including prior experience with pet food contamination litigation.

17. At least for purposes of settlement, the common issues in the Litigation predominate over individual issues under Rule 23(b)(3). Key elements of Plaintiffs' claims are Defendant's allegedly inadequate sourcing, manufacturing, quality control, and testing procedures and sale of Mid America Pet Food Products. These issues predominate over individualized issues.

18. The settlement would be superior under Rule 23(b)(3) to many individual actions. Many members of the proposed Settlement Class may not have suffered sufficient alleged damages

to justify the costs of expensive litigation. The Settlement Agreement ensures that all Settlement Class Members will have the opportunity to be compensated through cash payments consistent with the Plan of Allocation.

19. For these reasons, pursuant to Rule 23, and for settlement purposes only, the Court finds it will likely certify the Settlement Class defined above in paragraph 1 of this Order. This finding is subject to further consideration at the Final Approval Hearing to be conducted as described below.

20. The Court hereby preliminarily appoints the Plaintiffs as representatives of the Settlement Class. Pursuant to Fed. R. Civ. P. 23(g), the Court hereby preliminarily appoints Jeffrey Goldenberg, Goldenberg Schneider, LPA; Charles Schaffer, Levin Sedran Berman, LLP; Jason Sultzer, Sultzer & Lipari, PLLC; and Carlos F. Ramirez, Reese LLP, as Lead Class Counsel for the Settlement Class.

21. In any final approval order issued after the Final Approval Hearing, Plaintiffs and all other Settlement Class Members that have not been properly excluded from the Settlement Class will release all known and Unknown Claims to the fullest extent permitted by law against Defendant and the Mid America Released Parties relating to any alleged claims related to the Defendant's recalls of Mid America Pet Food Products due to levels of Salmonella exceeding acceptable limits pronounced by the U.S. Food and Drug Administration, as alleged in the Action. This Release includes equitable, injunctive, and monetary claims.

## Approval of the Manner and Form of Notice

22. Having preliminarily approved the Settlement Agreement, the Court "must direct notice in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1)(B). The Parties have submitted to the Court the proposed Notices, Claim Forms,

and a detailed Notice Plan as explained in the Declaration of Jeffrey S. Goldenberg on Notice Plan and Notices attached as exhibits to the Settlement Agreement.

23. Having reviewed these exhibits and the Settlement Agreement, the Court finds that the Parties' proposed Notice Plan for providing notice to Settlement Class Members (a) is reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice, (b) is reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of the Litigation and of their right to object to or to exclude themselves from the settlement and (c) meets all applicable requirements of applicable law. Accordingly, the Notice Plan satisfies the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process. The Court therefore approves the Notice Plan, the Claim Form, the notice documents substantially in the form attached as the exhibits to the Settlement Agreement, and the creation of a Settlement Website consistent with these documents.

24. Angeion Group ("Angeion") has been selected to serve as the Settlement Administrator under the terms of the Settlement Agreement. The Court hereby appoints Angeion to serve as the Settlement Administrator to be supervised jointly by Settlement Class Counsel and Defendant's Counsel in taking the actions ordered below and performing any other duties of the Settlement Administrator provided for in the Settlement Agreement.

25. The Escrow Account shall be created and administered by Huntington National Bank and shall be funded pursuant to Section IV.1 of the Settlement Agreement.

26. Accordingly, the Court hereby ORDERS as follows and adopts the Proposed Schedule below to implement the Settlement:

| Event | Date |
|---|---|

| | |
|---|---|
| CAFA Notice Deadline | Motion for Preliminary Approval Filing Date plus no more than 10 days |
| Preliminary Approval Order | [Date] |
| Defendant to provide initial funding amount to Settlement Administrator | Preliminary Approval Order Date + 20 days |
| Plaintiffs and Defendant to provide Settlement Administrator with names and contact information of known class members | Preliminary Approval Order Date + 30 days |
| Notice Date (issuance of notices substantially similar to those provided to the Court) | Preliminary Approval Order Date + 45 days |
| Class Counsel's Fee and Expense Application and request for service awards for the Plaintiffs-Settlement Class Representatives | Notice Date + 39 days (21 days prior to Objection deadline) |
| Completion of Notice Plan | Notice Date +45 days |
| Claim Deadline | Notice Date +90 days |
| Opt-Out Deadline | Notice Date +60 days |
| Objection Deadline | Notice Date +60 days |
| Plaintiffs to file Motion for Final Approval of the Settlement | No less than 10 days prior to Final Approval Hearing Date |
| Final Approval Hearing | [Preliminary Approval Order Date] + at least 130 days (no earlier than April 8, 2025) |
| Date of Finality | First date after the Court enters a Final Approval Order and all appellate rights with respect to that order have expired or been exhausted in such a manner as to affirm the order |
| Defendant pays the remaining amount of the Settlement Fund | Date of Finality + 10 days |

**Participation in, Exclusion from or Objection to the Settlement Agreement**

27. Each form described in this section shall be deemed to be submitted when postmarked or when electronically received by the Settlement Administrator if submitted electronically.

28. Settlement Class Members who wish to receive compensation for a Pet Injury Claim and/or Consumer Food Purchase Claim under the Settlement Agreement must properly and timely complete, sign and submit a Valid Claim Form in accordance with the instructions contained therein.

9

29. Settlement Class Members that wish to exclude themselves from (i.e., opt out of) the settlement must send a request for exclusion to the Settlement Administrator that: (i) states the person or entity's full name and current address, (ii) specifically and clearly states his/her/its desire to be excluded from the Settlement and from the Settlement Class; and (iii) provides sufficient proof that they are a Settlement Class Member.

30. All requests for exclusion must be submitted individually in connection with a Settlement Class Member, i.e., one request is required for every Settlement Class Member seeking exclusion; so-called "mass" or "class" opt outs shall not be allowed.

31. All requests for exclusion must be submitted no later than the Exclusion Deadline as contained in the Schedule. Any member of the Settlement Class that submits a timely request for exclusion may not file an objection to the Settlement Agreement and shall be deemed to have waived any rights or benefits under the Settlement Agreement.

32. Any Settlement Class Member that does not submit a timely and complete request for exclusion sent to the proper address shall be subject to and bound by the Settlement Agreement and every order or judgment entered pursuant to the Settlement Agreement. Any purported request for exclusion or other communication sent to such address that is unclear or internally inconsistent with respect to the Settlement Class Member's desire to be excluded from the Settlement Class will be deemed invalid unless determined otherwise by the Court. Requests for exclusion signed only by counsel or another representative shall not be permitted.

33. Any Settlement Class Member who does not exclude themselves and wishes to be heard at the Final Approval Hearing, or wishes for any objection to be considered, must file with the Clerk of the Court a written notice of objection, including any request to be heard, no later than sixty (60) days after the Notice Date. Such objection must provide:

    a. The name and case number of this lawsuit, *Filardi v. Mid America Pet Food, L.L.C.*, Case No. 7:23-cv-11170;

    b. The Settlement Class Member's full name, mailing address, and email address or telephone number;

    c. If objecting, the Settlement Class Member must state whether the objection applies only to the objector, or to a specific subset of the Settlement Class, or to the entire Settlement Class;

    d. All reasons for the objection or comment and sufficient proof establishing that they are a Settlement Class Member;

    e. A statement identifying the number of class action settlements the Settlement Class Member or their attorney has objected to or commented on in the last five years;

    f. Whether the Settlement Class Member intends to personally appear at the Final Approval Hearing;

    g. The name and contact information of any and all attorneys representing, advising, or assisting the Settlement Class Member, including any counsel who may be entitled to compensation for any reason related to the objection or comment;

    h. Whether any attorney will appear on the Settlement Class Member's behalf at the Final Approval Hearing, and if so the identity of that attorney and

    i. The Settlement Class Member's signature.

34. Any lawyer representing or assisting an objecting Settlement Class Member must: (a) file a notice of appearance with the Court by the date set forth in the Preliminary Approval Order; (b) file a sworn declaration attesting to representation of each Settlement Class Member on whose behalf the lawyer has acted or will be acting and (c) comply (and ensure their client's compliance) with each of the above requirements.

35. Any Settlement Class Member who fails submit written objections that are both timely and in full compliance with the requirements of this Section will be deemed to have waived their objections to the Settlement and will be foreclosed and barred forever from making any objection (whether by appeal or otherwise) to the Settlement.

### Final Approval Hearing and Related Deadlines

36. This Court will hold a Final Approval Hearing on  February 6, 2026  at 10:00 am/~~pm~~ by Webex Teleconference. To access the Webex Teleconference, please follow these directions: (1) Dial the Meeting Number: 855-244-8681; (2) Enter the Access Code: 2310 494 3855 #; and (3) press # again to enter the teleconference.

37. The purposes of the Final Approval Hearing will be to consider the fairness, reasonableness and adequacy of the proposed settlement and the application for an award of attorneys' fees and expenses and service awards, and to consider whether the Court should issue a Final Approval Order approving the Settlement Agreement, granting Settlement Class Counsel's application for fees and expenses, granting the service awards application of Plaintiffs, and dismissing the claims against Defendant and the Mid America Released Parties with prejudice.

38. The Court reserves the right to adjourn the Final Approval Hearing without further notice to Settlement Class Members, change the Final Approval Hearing date and/or time, or to approve the Settlement Agreement with modification without further notice to Settlement Class Members.

39. Any Settlement Class Member may appear at the Final Approval Hearing by filing with the Clerk of the Court a written notice of objection in accordance with the requirements outlined above and including a statement that he or she intends to appear at the Final Approval Hearing, either with or without counsel, along with a list of all persons, if any, that will be called to testify in support of the objection.

40. If any Settlement Class Member hires an attorney to represent the Settlement Class Member at the Final Approval Hearing, that attorney will be at the Settlement Class Member's expense.

41. Any attorney hired by a Settlement Class Member for the purpose of objecting to the Settlement and who intends to make an appearance at the Final Approval Hearing must provide

12

to Lead Class Counsel and Defendant's Counsel and file with the Clerk of the Court a notice of intention to appear no later than sixty (60) days after the Notice Date.

42. Class Counsel's papers in support of any application for Attorneys' Fees and Expenses and/or Service Awards shall be filed no later than twenty-one days prior to the opt-out and objection deadline. Class Counsel shall also post their application for Attorneys' Fees and Expenses and/or Service Awards on the settlement website within two business days of filing the application with the Court.

43. Class Counsel's papers in support of final approval of the Settlement Agreement shall be filed no later than ten (10) days before the Final Fairness Hearing.

## Effects of this Preliminary Approval Order

44. All proceedings in the Litigation other than those related to approval of the Settlement Agreement are hereby stayed.

45. If for any reason the Settlement Agreement fails to become effective in accordance with its terms, or if the judgment is not entered or is reversed, vacated or materially modified on appeal (and, in the event of material modification—which shall not include any modification to an award of attorneys' fees and expenses or to the service awards—if either party elects to terminate the Settlement Agreement), this Order shall be null and void, the Settlement Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the Settlement Agreement, survive termination of the Settlement Agreement), and the Parties shall return to their positions without prejudice in any way, as provided for in the Settlement Agreement.

46. As set forth in the Settlement Agreement, the fact and terms of this Order and the Settlement Agreement, all negotiations, discussions, drafts, and proceedings in connection with this Order and the Settlement Agreement, and any act performed or document signed in connection

with this Order and the Settlement Agreement, shall not, in this or any other court, administrative agency, arbitration forum or other tribunal, constitute an admission or evidence or be deemed to create any inference against any party, including, but not limited to: (i) of any acts of wrongdoing or lack of wrongdoing; (ii) of any liability on the part of Defendant to the Plaintiffs, the Settlement Class or anyone else; (iii) of any deficiency of any claim or defense that has been or could have been asserted in this case; (iv) that Defendant agrees that a litigation class may be properly certified in this case; (v) of any damages or lack of damages suffered by the Plaintiffs, the Settlement Class or anyone else or (vi) that any benefits obtained by the Settlement Class pursuant to the Settlement Agreement or any other amount represents the amount that could or would have been recovered in the actions in this case if they were not settled at this point in time. The fact and terms of this Order and the Settlement Agreement, all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement Agreement, including but not limited to the judgment and the release of the Released Claims provided for in the Settlement Agreement and any judgment, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Order and/or the Settlement Agreement.

47. All members of the Settlement Class (unless and until they have timely and properly excluded themselves from the Settlement Class) are preliminarily enjoined from (a) filing, commencing, prosecuting, intervening in or participating as plaintiff, claimant, participant or class member in any other lawsuit or administrative, regulatory, arbitration or other proceeding in any jurisdiction based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action or the Released Claims; (b) filing, commencing, participating in or prosecuting a lawsuit or administrative, regulatory, arbitration or other

proceeding as a class action on behalf of any member of the Settlement Class that has not timely excluded himself or herself (including by seeking to amend a pending complaint to include class allegations or seeking class certification in a pending action), based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action or the Released Claims, including the Unknown Claims and (c) attempting to effect opt outs of a class of individuals in this lawsuit or any other lawsuit or administrative, regulatory, arbitration or other proceeding based on, relating to or arising out of the claims and causes of action or the facts and circumstances giving rise to the Action or the Released Claims.

48. Any member of the Settlement Class who does not submit a timely and valid written request for exclusion from the Settlement Class (i.e., become an Opt-Out) will be bound by the terms of the Settlement Agreement and all proceedings, orders and judgments in the Action, even if such Settlement Class Member has previously initiated or subsequently initiates individual litigation or other proceedings encompassed by the Released Claims. Any purported request for exclusion or other communication sent to such address that is unclear or internally inconsistent with respect to the Settlement Class Member's desire to be excluded from the Settlement Class will be deemed invalid unless determined otherwise by the Court. Requests for exclusion signed only by counsel or another representative shall not be permitted.

IT IS SO ORDERED

Date: _____September 23, 2025_____     _____
                                            Honorable Nelson S. Román
                                            United States District Court
                                            Southern District of New York

**The Clerk of Court is kindly directed to terminate motion at ECF No. 43.**