# EXHIBIT 3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JAMES FILARDI, COURTNEY ANDERSEN, LISA BURMEISTER, GLENN JACKSON, KENNETH LEONARD, DOROTHY PETERSEN, STEPHANIE RANEY, IRENE NUNEZ, CONRADO MOREIRA, KIARA REED, NACOLE HOUSTON, MONIKA BENNETT, JASON JARRELL, ALISON BARNHILL, KIMBERLEE FERRIS, JEFFREY GOULD, MELISSA SWARINGEN-ORTON, MICHELLE RUBIANO, and COLEMAN STEPHENS on behalf of themselves and all others similarly situated, | Case No. 7:23-cv-11170-NSR |

                    Plaintiffs,

        v.

MID AMERICA PET FOOD, LLC,

                    Defendant.

**DECLARATION OF DEREK BURROWS OF ANGEION GROUP, LLC**
**RE: FRAUD DETECTION & PREVENTION**

I, DEREK BURROWS, hereby declare the following:

1.      I am the Chief Operating Officer with the class action notice and administration firm, Angeion Group, LLC ("Angeion"), located at 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. I am over 21 years of age and am not a party to this action. I am fully familiar with the facts contained herein based upon my personal knowledge, as well as information that has been provided to me by my colleagues in the ordinary course of business at Angeion.

2.      Angeion was appointed as Settlement Administrator to be supervised jointly by Settlement Class Counsel and Defendant's Counsel in taking actions pursuant to the Order Granting Unopposed Motion for Preliminary Approval of Class Action Settlement and performing any other duties of the Settlement Administrator provided for in the Settlement Agreement (Dkt. No. 50, ¶24).

3.      The purpose of this declaration is to provide the Parties and the Court with information regarding Angeion's fraud detection and prevention efforts and information pertaining to *pro se* objectors, Zef Spaci (Dkt. No. 54) and Mike Sussman (Dkt. No. 55).

## COURT REQUEST FOR ADDITIONAL DETAIL

4.      This declaration includes anonymized references to information and identity-linked data concerning non-parties, including individuals who are neither objectors nor class members of record.

5.      Should the Court wish to review the information represented by these anonymized references, Angeion is prepared to submit additional information regarding the facts at issue for in camera review and to assist in determining what portions, if any, may appropriately be filed publicly. Angeion also stands ready to respond to any requests for additional material about AngeionAffirm 2.0 or Angeion's fraud prevention protocols.

## COMBATTING AND RESPONDING TO AN EVOLVING FRAUD LANDSCAPE

6.      Since the summer of 2023, there has been a significant increase in the volume of attempted fraudulent claim submissions in class action settlement administration. Advancing technology has enabled increasingly sophisticated and rapidly evolving tactics employed, in both large-scale operations and smaller, targeted efforts.

7.      At Angeion, we have invested significant resources into developing and enhancing systems to detect and prevent fraud throughout the administration process. This includes the development of Angeion's proprietary fraud detection system, AngeionAffirm 2.0.

8.      Angeion has also observed an emerging trend in which individuals whose claim activity raises fraud concerns attempt to engage not only with counsel but directly with the Court, potentially lending an appearance of legitimacy to their efforts.

## ANGEIONAFFIRM 2.0

9.      In response to the evolving fraud landscape, Angeion has pioneered real-time fraud detection and prevention technology that is designed to block the submission of fraudulent claims at the time of filing – AngeionAffirm 2.0.  This technology increases efficiency and reduces the

costs of administration associated with traditional, back-end fraud review processes. Early-stage deployment also provides a truer view of claims volumes as the administration progresses by significantly reducing the possibility of large-scale rejections of claims resulting from delayed review. Angeion continues to invest in the research and development of these systems, responding in real time to new tactics employed by fraud actors.

10.     AngeionAffirm 2.0 is a comprehensive solution to identify fraud based on both state-of-the-art technology and analysis of over a decade of historical claims data. Key highlights of AngeionAffirm 2.0 include (1) implementing enhanced, machine-learning-based fraud prevention mechanisms on all Web Application Firewalls focused on detecting and blocking fraudulent activities before they enter the claim workflow; (2) employing advanced artificial intelligence to identify bot and scripted browser traffic; (3) performing proprietary behavioral analysis techniques to identify abnormal patterns that could indicate fraudulent submissions to help ensure claims are genuine; (4) analyzing a broad array of technical characteristics garnered from claimant email addresses and other digital fingerprints to determine a claim's propensity for fraud; (5) leveraging third party identity validation to corroborate the information provided by the claimant; (6) analyzing over one hundred million claims, which has proven instrumental in identifying characteristics, anomalies and known bad actors, that may signify fraudulent intent or deviate from expected claimant profiles; and (7) utilizing multiple security measures to address the increasing scale and sophistication of cyber criminals' adaptive behavior.

11.     Angeion's defense-in-depth approach to fraud prevention seeks to balance robust fraud prevention and ease of use for legitimate claimants. By embedding fraud detection into the claim submission workflow, while simultaneously offering accessible customer support for individuals whose claims are flagged, Angeion strives to preserve both efficiency and fairness in class action administration. This strategy has proven effective; to date, AngeionAffirm 2.0's false positive rate is only 0.064% of all claims submitted.

## COURT RECOGNITION AND APPROVAL OF ANGEIONAFFIRM 2.0

12.    Courts have recognized the success of AngeionAffirm 2.0. By way of example, during an April 8, 2025, Fairness Hearing, the Honorable Vincent L. Briccetti recognized "the extensive work and sophisticated technology that Angeion utilized in addressing the unprecedented programmatic fraud issues in connection with this settlement"…further stating that "**absent Angeion's work in this rather extraordinary case, it's likely that the settlement would never have been approved and the class members would never have been paid.**"[1] (Emphasis added).

13.    In addition, the success and effectiveness of Angeion's fraud detection efforts were recognized by United States Magistrate Judge Stewart D. Aaron. In his July 26, 2024, Report and Recommendation, Judge Aaron stated that, **"[t]he Court finds that the claims process administered by Angeion has integrity and has been carried out in a diligent and thorough manner…Based upon the Court's review of the record, the Court finds that Angeion has taken prudent and necessary steps to address the fraudulent claims submitted in this case… Angeion's fraud detection system is robust and appropriately designed to weed out fraudulent claims.**"[2] (Emphasis added).

## DESCRIPTION OF ANGEION CLAIM SUBMISSION PROCESS AND INTERACTION WITH ANGEIONAFFIRM 2.0

14.    AngeionAffirm 2.0 identifies indicia of fraud during the online claim submission process. When such indicators are detected, the system generates a real time alert, *i.e.*, the Error 403 message. The real time alert informs the claimant that inconsistencies and/or anomalies were identified and that they can attempt to re-submit their claim (electronically or via paper claim) or contact us for further assistance.

15.    Angeion's staff is trained extensively to assist individuals who receive the real-time alert. In addition, our team is continuously monitoring instances in which the alert is triggered, both to

---

[1] Jimenez v. Artsana USA, Inc., No. 7:21-cv-07933-VB (S.D.N.Y.).
[2] *See* In re: Novartis and Par Antitrust Litigation, No. 1:18-cv-04361-AKH-SDA (S.D.N.Y.), Report and Recommendation, ECF No. 667.

refine detection parameters and to identify any behavioral patterns that may help reduce the likelihood of genuine claimants receiving the alert.

16.     Notably, this alert system has only flagged a fraction of one percent of total submissions from actual individuals. We believe this approach provides a more equitable and fair process for legitimate claimants, while adapting to the increasing sophistication of fraud tactics. This approach also greatly reduces the possibility that a valid claim may be mistakenly rejected during a later stage analysis, when fewer remedial options may be available resolve or cure their claim.

## OBJECTOR ZEF SPACI

17.     Angeion's records reflect that on January 2, 2026, an individual identifying themselves as Zef Spaci attempted to submit an online claim in this settlement. Angeion's fraud detection system, AngeionAffirm 2.0, flagged the submission and issued the 403 message (discussed in paragraph 14 above) – notifying the user of inconsistencies and with details on how to contact the administrator to resolve issues with the attempted submission.

18.     Mr. Spaci contacted Angeion via email to request support with submission of his claim. Angeion facilitated the claim submission, and it was entered into the claims review workflow, and a confirmation of receipt was provided.

19.     No further correspondence was received or provided to Mr. Spaci prior to the filing of the instant objection on or around January 9, 2026.

## FURTHER INVESTIGATION OF ZEF SPACI

20.     As noted, Angeion has previously encountered instances in which individuals whose claims were flagged as potentially fraudulent submissions have engaged directly with counsel or appeal to the Court regarding fraud prevention protocols and claim review procedures. In such circumstances, Angeion conducts additional review using public records, reputable third-party data sources, and proprietary resources to validate its findings and assess any underlying anomalies.

21.     The following is the contact information provided by Mr. Spaci in the claim submission in question and his subsequent objection.

Zef Spaci
501 Semple Drive
Irwin, PA 15642
(412) 357-6555
Zef.spaci@h2send.com

22.    Angeion personnel performed a reverse lookup of the telephone number provided. The results of this search indicate that the number is registered to *Individual 3*[3], who based on a search of public resources resides at a different address from that provided by Spaci –*Address 1*.

23.    Angeion has previously identified *Address 1* as being associated with suspected fraudulent claim submission attempts by multiple individuals, including in *Kessler, et al. v. The Quaker Oats Company*, 7:24-CV-00526. *See* **Exhibit A**, Declaration of Derek Burrows of Angeion Group, LLC RE: Fraud Detection and Prevention. This address is linked to multiple names, including but not limited to *Individual 4*, *Individual 5*, and *Individual 2*.

24.    As noted in Exhibit A, additional public court filings reflect that *Individual 2* has been named in multiple legal proceedings over the years, including some involving allegations of fraudulent or deceptive conduct. These include criminal, regulatory, and civil matters, some of which reference *Individual 2's* alleged use of the mail or legal threats in financial disputes. Angeion makes no legal conclusions regarding the disposition or accuracy of those allegations but includes this information solely to contextualize public records involving contact details linked to *Individual 2*.

25.    A search of Westmoreland County property records for the address provided by Mr. Spaci – 501 Semple Drive – shows the title owner to be *Individual 4* by warranty deed dated August 14, 2013.

26.    A public information search for the 501 Semple Drive address shows multiple individuals, in addition to *Individual 4*, listed as current residents, including but not limited to Zef Spaci, *Individual 6*, and *Individual 5*. Angeion reasonably infers from the search results that Zef Spaci and *Individual 6* are same individuals.

---

[3] Anonymization of individual names and addresses has been completed to align with Exhibit A, preserving the connections between individuals and addresses for ease of reference.

27.    Public records searches for *Individuals 4-6*, in addition to other names not listed here for the sake of brevity, show that these individuals have previously been identified as residents at *Address 1*.

28.    Public information sources also link *Individual 6* and objector Michael Sussman as owners of a landline telephone number registered to *Address 1*.

## OBJECTOR MICHAEL SUSSMAN

29.    Angeion's records reflect that on January 5, 2026, an individual identifying themselves as Mike Sussman attempted to submit a claim in this settlement on behalf of an entity named Private Page, Inc. Angeion's fraud detection system, AngeionAffirm 2.0, flagged the submission and issued the 403 message (discussed in paragraph 14 above) – notifying the user of inconsistencies and with details on how to contact the administrator to resolve issues with the attempted submission.

30.    Mike Sussman submitted an objection in this settlement dated January 5, 2026. The objection was received by the Clerk's office on January 8, 2026 and filed on the public docket on January 14, 2026.

31.    Angeion has followed up with Mr. Sussman for additional information to support a claim submission. When that information is provided, Mr. Sussman's claim will be entered into the claims processing workflow for review and determination per the protocols set forth in the settlement agreement.

## FURTHER INVESTIGATION OF
## MICHAEL SUSSMAN AND PRIVATE PAGE, INC

32.    The following is the contact information provided by Mr. Sussman in the claim submission in question and his subsequent objection.

Mike Sussman
1686 S Federal Highway #151
Delray Beach, FL 33483
Mike.sussman@pm.me
mike@privatepage.com

33.    As noted above, Angeion believes that Mr. Sussman is associated with the individual

identifying themselves as Mr. Spaci (also believed to be *Individual 6*). Angeion believes that this is the same Mr. Sussman that has previously submitted claims in other settlements administered by Angeion that have been denied as suspected fraudulent claim filings, including submitting multiple claims with different points of contact to the same settlement. In Angeion's experience, this is a tactic used to avoid identify verification processes.

34.    Public records show that Private Page, Inc, is a defunct Delaware corporation that was terminated for failure to appoint a registered agent. The entity has also had its Florida registration terminated for failure to file required annual reports.

35.    An address frequently used by Mr. Sussman in documents filed with the state of Florida on behalf of Private Page, Inc, 1730 S Federal Highway, Suite 151, Delray Beach, FL 33483, is also listed in public filings directly connecting Mr. Sussman to the *Address 1* and *Individual 2*, as well as to Mr. Spaci as discussed above.

## CONCLUSION

36.    The objections and attempted claim submissions by Zef Spaci and Mike Sussman exhibit several indicia consistent with patterns Angeion has previously observed in connection with submissions later determined to be invalid under applicable review procedures.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: January 23, 2026

DEREK BURROWS

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| RAYMOND KESSLER, HARTENCE HILL, LAZARO RODRIGUEZ, TERESA HERENDEEN, and BARBARA ABREU individually and on behalf of all others similarly situated, | **CASE NO. 7:24-CV-00526** |
| Plaintiffs, | **DECLARATION OF DEREK BURROWS OF ANGEION GROUP, LLC RE: FRAUD DETECTION & PREVENTION** |
| v. | |
| THE QUAKER OATS COMPANY, | |
| Defendant. | |

I, DEREK BURROWS, hereby declare the following:

1.      I am the Chief Operating Officer with the class action notice and administration firm, Angeion Group, LLC ("Angeion"), located at 1650 Arch Street, Suite 2210, Philadelphia, PA 19103. I am over 21 years of age and am not a party to this action. I am fully familiar with the facts contained herein based upon my personal knowledge, as well as information that has been provided to me by my colleagues in the ordinary course of business at Angeion.

2.      Angeion was appointed as Claim Administrator and directed to carry out the Notice Plan in conformance with the Class Action Settlement Agreement And Release (Dkt. No. 13-1) ("Agreement"), and to perform all other tasks required by the Agreement. *See* Preliminary Approval Order (Dkt. No. 34).

3.      The purpose of this declaration is to provide the Parties and the Court with information regarding Angeion's fraud detection and prevention efforts and information pertaining to *pro se* objector, Pat Zhen.

### COURT REQUEST FOR ADDITIONAL DETAIL

4.      This declaration includes anonymized references to information and identity-linked data concerning non-parties, including individuals who are neither objectors nor class members of record.

5.      Should the Court wish to review the information represented by these anonymized references, the Angeion is prepared to submit additional information regarding the facts at issue for in camera review and to assist in determining what portions, if any, may appropriately be filed publicly. Angeion also stands ready to respond to any requests for additional material about AngeionAffirm 2.0 or Angeion's fraud prevention protocols.

## COMBATTING AND RESPONDING TO AN EVOLVING FRAUD LANDSCAPE

6.      Since the summer of 2023, there has been a significant increase in the volume of attempted fraudulent claim submissions in class action settlement administration. Advancing technology has enabled increasingly sophisticated and rapidly evolving tactics employed, in both large-scale operations and smaller, targeted efforts.

7.      At Angeion, we have invested significant resources into developing and enhancing systems to detect and prevent fraud throughout the administration process. This includes the development of Angeion's proprietary fraud detection system, AngeionAffirm 2.0.

8.      Angeion has also observed an emerging trend in which individuals whose claim activity raises fraud concerns attempt to engage not only with counsel but directly with the Court, potentially lending an appearance of legitimacy to their efforts.

## ANGEIONAFFIRM 2.0

9.      In response to the evolving fraud landscape, Angeion has pioneered real-time fraud detection and prevention technology that is designed to block the submission of fraudulent claims at the time of filing – AngeionAffirm 2.0.  This technology increases efficiency and reduces the costs of administration associated with traditional, back-end fraud review processes. Early-stage deployment also provides a truer view of claims volumes as the administration progresses by significantly reducing the possibility of large-scale rejections of claims resulting from delayed review. Angeion continues to invest in the research and development of these systems, responding in real time to new tactics employed by fraud actors.

10.     AngeionAffirm 2.0 is a comprehensive solution to identify fraud based on both state-of-the-art technology and analysis of over a decade of historical claims data. Key highlights of AngeionAffirm 2.0 include (1) implementing enhanced, machine-learning-based fraud prevention

mechanisms on all Web Application Firewalls focused on detecting and blocking fraudulent activities before they enter the claim workflow; (2) employing advanced artificial intelligence to identify bot and scripted browser traffic; (3) performing proprietary behavioral analysis techniques to identify abnormal patterns that could indicate fraudulent submissions to help ensure claims are genuine; (4) analyzing a broad array of technical characteristics garnered from claimant email addresses and other digital fingerprints to determine a claim's propensity for fraud; (5) leveraging third party identity validation to corroborate the information provided by the claimant; (6) analyzing over one hundred million claims, which has proven instrumental in identifying characteristics, anomalies and known bad actors, that may signify fraudulent intent or deviate from expected claimant profiles; and (7) utilizing multiple security measures to address the increasing scale and sophistication of cyber criminals' adaptive behavior.

11.     Angeion's defense-in-depth approach to fraud prevention seeks to balance robust fraud prevention and ease of use for legitimate claimants. By embedding fraud detection into the claim submission workflow, while simultaneously offering accessible customer support for individuals whose claims are flagged, Angeion strives to preserve both efficiency and fairness in class action administration. This strategy has proven effective; AngeionAffirm 2.0's false positive rate is only 0.064% of all claims submitted.

## COURT RECOGNITION AND APPROVAL OF ANGEIONAFFIRM 2.0

12.     Courts have recognized the success of AngeionAffirm 2.0. By way of example, during an April 8, 2025, Fairness Hearing, the Honorable Vincent L. Briccetti recognized "the extensive work and sophisticated technology that Angeion utilized in addressing the unprecedented programmatic fraud issues in connection with this settlement"…further stating that "**absent Angeion's work in this rather extraordinary case, it's likely that the settlement would never have been approved and the class members would never have been paid.**"[1] (Emphasis added).

13.     In addition, the success and effectiveness of Angeion's fraud detection efforts were recognized by United States Magistrate Judge Stewart D. Aaron. In his July 26, 2024, Report and Recommendation, Judge Aaron stated that, **"[t]he Court finds that the claims process**

---

[1] Jimenez v. Artsana USA, Inc., No. 7:21-cv-07933-VB (S.D.N.Y.)

**administered by Angeion has integrity and has been carried out in a diligent and thorough manner…Based upon the Court's review of the record, the Court finds that Angeion has taken prudent and necessary steps to address the fraudulent claims submitted in this case… Angeion's fraud detection system is robust and appropriately designed to weed out fraudulent claims.**"[2] (Emphasis added).

## DESCRIPTION OF ANGEION CLAIM SUBMISSION PROCESS AND INTERACTION WITH ANGEIONAFFIRM 2.0

14.     AngeionAffirm 2.0 identifies indicia of fraud during the online claim submission process. When such indicators are detected, the system generates a real time alert, *i.e.*, the Error 403 message. The real time alert informs the claimant that inconsistencies and/or anomalies were identified and that they can attempt to re-submit their claim (electronically or via paper claim) or contact us for further assistance.

15.     Angeion's staff is trained extensively to assist individuals who receive the real-time alert. In addition, our team is continuously monitoring instances in which the alert is triggered, both to refine detection parameters and to identify any behavioral patterns that may help reduce the likelihood of genuine claimants receiving the alert.

16.     Notably, this alert system has only flagged a fraction of one percent of total submissions from actual individuals. We believe this approach provides a more equitable and fair process for legitimate claimants, while adapting to the increasing sophistication of fraud tactics. This approach also greatly reduces the possibility that a valid claim may be mistakenly rejected during a later stage analysis, when fewer remedial options may be available resolve or cure their claim.

## OBJECTOR PAT ZHEN

17.     Angeion's records reflect that an individual using the name "Pat Zhen" or "Patrick Zhen" has submitted or attempted to submit claims in multiple other settlements that Angeion has administered. Angeion's fraud detection processes flagged the submissions. Based on those assessments, certain submissions were rejected or marked for additional review in accordance with

---

[2] *See* In re: Novartis and Par Antitrust Litigation, No. 1:18-cv-04361-AKH-SDA (S.D.N.Y.), Report and Recommendation, ECF No. 667.

the applicable settlement protocols.

18.     In this Settlement, the contact information provided by Pat Zhen with the attempted claim submission differs from the contact information provided in the objection and claim submissions in other matters. The attempted claim submission in this matter was flagged as having indicia of fraud.

19.     The mailing address provided on the attempted claim submission was located but listed as invalid due to missing secondary information, such as an apartment or suite number.

The contact information also differs from other contact information provided by Pat Zhen in various other settlements administered by Angeion. For example, an oft-used mailing address provided by Pat Zhen on attempted claim submissions is not a residential address but rather a commercial mail forwarding service.

20.     Additionally, a phone number frequently associated with Pat Zhen claim submissions, is different from the phone number listed on the objection and attempted claim submission in this Settlement. According to third-party data sources, that number used frequently in other submissions is not associated with Pat Zhen.

21.     When the attempted claim submission was flagged by AngeionAffirm 2.0, the system issued the 403 message (discussed in paragraph 13 above) notifying the user of inconsistencies and with details on how to contact the administrator to resolve issues with the attempted submission. Pat Zhen did not contact or communicate with Angeion in response to this message or the attempted claim submission, nor was a paper claim submitted in this matter.

## FURTHER INVESTIGATION OF PAT ZHEN

22.     As noted, Angeion has previously encountered instances in which individuals whose claims were flagged as potentially fraudulent submissions have engaged directly with counsel or appeal to the Court regarding fraud prevention protocols and claim review procedures. In such circumstances, Angeion conducts additional review using public records, reputable third-party data sources, and proprietary resources to validate its findings and assess any underlying anomalies.

23.     Included in the Zhen objection is the following contact information provided by the

Declaration of Derek Burrows of Angeion Group                                              5

objector:

Pat Zhen
PO Box 366047
San Juan, PR 00936
legal@patzhen.com
(787) 523-8040

24.     Angeion personnel performed a reverse lookup of the telephone number provided. The results of this search indicate that the number is registered to *Individual 1* at a different address from that provided by Zhen in this matter or any other submissions to Angeion ("Address 1").

25.     Angeion verified that *Individual 1* was associated with the *Address 1* through records available from the Pennsylvania Department of State Business Search portal, which list *Individual 1* as the President and Treasurer of a corporation, with its registered office at that address.

26.     According to Allegheny County (Pennsylvania) property records, the property is listed as being owned by an estate.

Obituaries for both decedents of the estate list among their survivors an individual named *Individual 2*, who was identified at the time of publication of the obituary as residing in outside of the United States of America.

27.     Publicly available materials confirm that *Individual 2* is connected to *Address 1*.

28.     Additional public court filings reflect that *Individual 2* has been named in multiple legal proceedings over the years, including some involving allegations of fraudulent or deceptive conduct. These include criminal, regulatory, and civil matters, some of which reference *Individual 2's* use of the mail or legal threats in financial disputes. Angeion makes no legal conclusions regarding the disposition or accuracy of those allegations but includes this information solely to contextualize public records involving contact details linked to *Individual 2*.

29.     Angeion also conducted a review of court filings for entries associated with Pat Zhen. Notably in *In re: Optical Disk Drive Products Antitrust Litigation*, 3:10-md-2143 (N.D. Cal.) ("Optical Disk Drives"), Zhen filed a motion that included a telephone number that, similar to the telephone number provided by Zhen on the objection in this matter is not registered to Zhen. A reverse lookup reveals that the number is registered to *Individual 2*.

30.     Angeion also conducted a deeper review of the contact information provided by Pat Zhen

with the attempted claim submission in this matter.  In this instance, a search of publicly available records shows that the telephone number provided by Zhen is registered to Pat Zhen at another address located within the continental United States of America ("Address 2").

31.    Public property records show that Pat Zhen was granted ownership of *Address 2* by warranty deed, in which he listed his contact address as *Address 3* in Puerto Rico. According to publicly available records maintained by the Department of State of Puerto Rico, *Address 3* is associated with a corporation, of which *Individual 1* is identified as the president and treasurer.

32.    Further, a search using the Registration Data Access Protocol[3] shows that the corporation is the registered owner of a particular internet domain.  The record lists as the mailing address – *Address 3*. *Individual 1's* telephone number, the number provided by Zhen in the instant objection, is also connected to the corporation's internet domain.

## <u>CONCLUSION</u>

33.    The objection and attempted claim submission by Pat Zhen exhibit several indicia consistent with patterns Angeion has previously observed in connection with submissions later determined to be invalid under applicable review procedures.

34.    As detailed above, the telephone number provided in Pat Zhen's objection appears to be registered to *Individual 1* at *Address 1*, a location confirmed by public records to be associated with *Individual 1*. *Address 1* is owned by the estate of *Individual 2's* parents. Public records indicate that a telephone number used in an objection submitted under the name Pat Zhen in another matter is registered to *Individual 2*. The telephone number provided with Zhen's attempted claim submission can be connected to *Individual 1* through association with *Address 3*.

35.    *Individual 1* also has been associated with Pat Zhen in a separate class action where Pat Zhen's objection to the settlement was overruled.[4]  Angeion understands that the objection in that matter was overruled but does not draw any conclusions as to *Individual 1's* role or involvement beyond what is reflected in the record.

36.    Finally, Angeion's records show that other submissions under the name Pat Zhen have used

---

[3] https://lookup.icann.org/en is a domain lookup tool that shows the registration of a domain name.
[4] *See* In re: Telescopes Antitrust Litigation, No. 5:20-cv-03639-EJD (N.D. Cal.), ECF Nos. 419 and 429.

differing and/or invalid mailing addresses and contact information, including some contact information that appears to be associated with other individuals. As a result, certain submissions were rejected or marked for additional review in accordance with the applicable settlement protocols.

I declare under the penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated: July 21, 2025

_____
DEREK BURROWS