UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/06/2026

| | |
|---|---|
| JAMES FILARDI, COURTNEY ANDERSEN, LISA BURMEISTER, KENNETH LEONARD, DOROTHY PETERSEN, STEPHANIE RANEY, IRENE NUNEZ, CONRADO MOREIRA, KIARA REED, NACOLE HOUSTON, MONIKA BENNETT, JASON JARRELL, ALISON BARNHILL, KIMBERLEE FERRIS, JEFFREY GOULD, MELISSA SWARINGEN-ORTON, MICHELLE RUBIANO, and COLEMAN STEPHENS on behalf of themselves and all others similarly situated, <br><br>      Plaintiffs, <br><br>v. <br><br>MID-AMERICA PET FOOD, L.L.C. <br><br>      Defendant. | Case No. 7:23-cv-11170-NSR |

## [PROPOSED] ORDER GRANTING MOTION FOR
## FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND FINAL JUDGMENT

  Before the Court is Plaintiffs' Motion for Final Approval of Class Action Settlement ("Motion"). *See* ECF No. 59 (Final Approval Motion). This consolidated Action arises from three voluntary recalls of pet foods potentially contaminated with Salmonella that were manufactured, marketed, sold, and distributed by Defendant Mid America Pet Food, LLC ("Defendant"). In the operative consolidated complaint [ECF No. 16], Plaintiffs alleged various tort and consumer fraud claims on behalf of a nationwide class (and state-specific subclasses) of pet food purchasers.

  In November 2024, Plaintiffs and Defendant (together, the "Parties") executed a Class Action Settlement Agreement ("Settlement Agreement") on behalf of themselves and the Settlement Class that Plaintiffs seek to certify. *See* ECF No. 45-1 (Settlement Agreement).

Plaintiffs moved for Preliminary Approval of Class Action Settlement on November 20, 2024 [ECF No. 43], and the Court granted the motion on September 23, 2025, finding the Settlement would likely be approved and directing that Notice be provided to the Settlement Class as set forth in the Settlement Agreement [ECF No. 50]. Notice was disseminated by the Court-appointed settlement administrator Angeion Group ("Angeion"), and Class Members had until January 6, 2026 to object, or request exclusion from the Settlement, and until February 5, 2026, to submit claims. According to the Settlement Administrator's declaration, zero Settlement Class Members opted out of the Settlement and two objections to the Settlement were filed.

Following the implementation of the Notice Plan and pursuant to the terms of the Settlement Agreement, Class Plaintiffs filed their Final Approval Motion ("Motion") and supporting papers on January 26, 2026 [ECF No. 59 ], and on February 6, 2026, the Court held a hearing on Plaintiffs' Motion. Plaintiffs also timely filed their Motion for Award of: (1) Attorney Fees, (2) Reimbursement of Expenses, and (3) Service Awards ("Attorney Fee Motion") [ECF No. 51].

Having thoroughly reviewed the Final Approval Motion; the Settlement Agreement [ECF No. 45-1]; the Declaration of Steven Weisbrot On Implementation and Adequacy of Notice Plan and Notices ("Weisbrot Decl.") attached as Exhibit 2 to the Declaration of Jason Sultzer in support of the Final Approval Motion; the Declaration of Derek Burrows of Angeion Group, LLC Re: Fraud Detection and Prevention attached as Exhibit 3 to Sultzer Decl., the Attorneys' Fee Motion [ECF No. 51]; exhibits, records, pleadings, and other papers filed in this Action; and the arguments presented to the Court at the hearing of this Motion, the Court hereby finds that the Final Approval Motion is **GRANTED**.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT:**

1. The Court has jurisdiction over the subject matter of this litigation and over the Parties to the Settlement Agreement, including Plaintiffs and all members of the Settlement Class (also referred to herein as the "Class"), and Defendant.

2. For purposes of this Order, except as otherwise set forth herein, the Court adopts and incorporates the definitions contained in the Settlement Agreement.

3. Pursuant to Fed. R. Civ. P. 23(g), Jeffrey Goldenberg, Goldenberg Schneider, LPA; Charles Schaffer, Levin Sedran Berman, LLP; Jason Sultzer, Sultzer & Lipari, PLLC; and Carlos F. Ramirez, Reese LLP are appointed Co-Lead Counsel, having previously been appointed by the Court during the preliminary approval process as they have, and will, fairly and competently represent the interests of the Class.

4. Pursuant to Federal Rule of Civil Procedure 23, the Court determines that the following Settlement Class be certified: "All persons and entities residing in the United States who purchased one or more of the Mid America Pet Food Products." Specifically excluded from the Settlement Class are the following:

    (a)    persons or entities whose claims are solely based upon the purchase of Mid America Pet Food Products for resale;

    (b)    corporate officers, members of the board of directors, and senior management of Defendant;

    (c)    persons or entities who otherwise meet the definition of Settlement Class Members, but who previously contacted Defendant prior to and during the pendency of this litigation, signed a release and in exchange received financial compensation from Defendant;

    (d)    any and all judges and justices assigned to hear or adjudicate any aspect of this Action;

    (e)    any members of the Settlement Class that opted out prior to the opt out deadline;

  (f)  any entity in which Defendant has a controlling interest, and their legal representatives, officers, directors, assigns and successors; and

  (g)  Class Counsel.

5.  The Court further finds that the prerequisites to a class action under Rule 23 are satisfied for settlement purposes in that: (a) there are hundreds of thousands of geographically dispersed class members, making joinder of all members impracticable; (b) there are questions of law and fact common to the class that predominate over individual issues; (c) the claims or defenses of the named plaintiffs are typical of the claims or defenses of the class members; (d) the named plaintiffs will fairly and adequately protect the interests of the class, and have retained counsel experienced in class action litigation who have, and will continue to, adequately represent the class; and (e) a class action is superior to individual actions.

6.  The Court hereby finally approves and confirms the Settlement set forth in the Settlement Agreement and finds that said Settlement is, in all respects, fair, reasonable, and adequate to the Class pursuant to Rule 23 of the Federal Rules of Civil Procedure.

7.  There is no question that the Parties are at arm's length. The Settlement Agreement is the result of extensive, non-collusive, arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the case through mediation-related discovery and whose negotiations were supervised by respected class-action mediator, the Honorable Diane M. Welsh (Ret.) of JAMS.

8.  The Settlement creates a $5,500,000 Settlement Fund from which Settlement Class Members may submit Pet Injury Claims and/or Consumer Food Purchase Claims. Settlement Class Members who file valid Pet Injury Claims and/or valid Consumer Food Purchase Claims shall have those claims adjudicated and paid according to the Plan of Allocation as described in the

Settlement Agreement, which the Court has reviewed and has already preliminarily approved. *See* ECF No. 50 (Preliminary Approval Order).

9. The Settlement Agreement, including the Plan of Allocation, provides adequate relief to the proposed Settlement Class. If the Settlement Agreement had not been reached, the Parties planned to vigorously contest, among other things, class certification and anticipated motions for summary judgment from Defendant, and Plaintiffs' chances at trial also would have been uncertain. In light of the costs, risks and delay of trial and appeal, including taking into consideration the current financials and operational challenges faced by Defendant, the compensation offered by this Settlement is at least adequate for purposes of Rule 23(e)(1).

10. No agreements required to be disclosed pursuant to Rule 23(e)(3) exist between the Parties aside from those referred to in the Settlement Agreement and/or submitted to the Court.

11. The Settlement Agreement and the Plan of Allocation treat members of the proposed Settlement Class equitably relative to each other because all members of the proposed Settlement Class were eligible to submit Pet Injury Claims and/or Consumer Food Purchase Claims. The Settlement is specifically designed to apportion relief among class members in proportion to the harms they allegedly have suffered and the relative strengths of their claims. For instance, Settlement Class Members with documentation supporting their claims are entitled to payment from a designated amount of the Settlement Fund, which shall be used to pay approved documented claims. If these designated funds are not depleted following the full payment of approved documented claims, the remaining designated funds, as well as the remainder of the Net Settlement Fund, will then be used to fund the payment of approved undocumented claims. These are equitable and fair terms.

12. The Court approves the payments provided for in the Settlement Agreement to the Settlement Class Members consistent with the Plan of Allocation.

13. The notice given to the Class was the best notice practicable under the circumstances. Said notice provided due and adequate notice of the proceedings and of the matters set forth therein, including the proposed settlement set forth in the Settlement Agreement, to all persons entitled to such notice, and said notice fully satisfied the requirements of Fed. Civ. R. 23 and due process.

14. Only two objections to the Settlement were filed, and this is a strong indication that the Settlement was well received by the Class and is fair, adequate and reasonable.

15. The objections are overruled for the reasons stated on the record at the Final Approval Hearing. As a summary and as a supplement to the record at the Final Approval Hearing, the objections are overruled because, *inter alia*: (a) the objectors bear indicia of fraud; (b) the objectors lack standing; (c) Angeion's fraud detection process is effective and necessary for weeding out fraudulent claims; (d) the notice program and procedures for making claims (including filing claims on behalf of business entities), opting-out, objecting to, and appealing rejected claims are fair and adequate and were successfully implemented in this settlement and are consistent with prior settlements in this District; (e) paying documented claims at a higher rate than undocumented claims is a rational and reasonable distinction to implement during the settlement claim process; (f) the Settlement amount is adequate for the reasons set forth in Paragraph 9 above; (g) the attorneys' fees, expense reimbursement, and service awards are fair, reasonable, and adequate and consistent with prior awards in this District (and the fees requested are also supported by the lodestar cross check); (h) the settlement treats Class Members equitably; (i) the payment of residual funds from uncashed settlement checks to a *cy pres* recipient approved

by the Court is a reasonable and acceptable process to implement and is common in this District; and (j) the Release and Class definition are not overly broad.

16. This Court hereby dismisses with prejudice the action against the Defendant, with each party to bear their own costs and fees, including attorneys' fees, except as provided in the Settlement Agreement.

17. The Court incorporates the releases defined in the Settlement Agreement, and Plaintiffs and all other Settlement Class Members are hereby and forever barred from commencing or continuing against the Defendant and the Mid America Released Parties any of the Released Claims as defined in the Settlement Agreement.

18. Any member of the Class who failed to timely and validly request to be excluded from the Class shall be subject to and bound by the provisions of the Settlement Agreement, the Released Claims contained therein, and this Order (and the related Final Judgment) with respect to all Released Claims, regardless of whether such members of the Class seek or obtain any payment from the Settlement Fund. This Release includes equitable, injunctive, and monetary claims within the scope of the definition of Released Claims.

19. No member of the Class submitted a request for exclusion.

**Continuing Jurisdiction and Final Judgment**

20. Without affecting the finality of this Final Judgment in any way, this Court hereby retains continuing exclusive jurisdiction over: (a) consummation, administration, interpretation, and implementation of the Settlement Agreement and distribution to Settlement Class members pursuant to further orders of this Court; (b) disposition of the Settlement Fund; (c) the actions in this litigation until the Final Judgment has become effective and each and every act agreed to be performed by the Parties all have been performed pursuant to the Settlement Agreement; (d)

hearing and ruling on any matters relating to any Plan of Allocation or distribution of proceeds from the Settlement; (e) the Parties to the Settlement Agreement for the purpose of enforcing and administering the Settlement Agreement and the releases contemplated by, or executed in connection with the Settlement Agreement; (f) the enforcement of this Final Judgment; and (g) over any suit, action, proceeding, or dispute arising out of or relating to the Settlement Agreement or the applicability of the Settlement Agreement, that cannot be resolved by negotiation and agreement.

21. In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, then this Final Judgment shall be rendered null and void and shall be vacated, and in such event, all orders entered, and releases delivered in connection herewith shall be null and void and the Parties shall be returned to their respective positions *ex ante*.

22. The Court finds, pursuant to Rules 54(a) and (b) of the Federal Rules of Civil Procedure, that judgment should be entered and further finds that there is no just reason for delay in the entry of final judgment as to the Parties to the Settlement Agreement. Accordingly, the Clerk is hereby directed to enter this Final Judgment forthwith.

### Plaintiffs' Motion for Award of Attorneys' Fees, Reimbursement of Expenses, and Class Representative Service Awards

23. This Court has also fully assessed and grants Plaintiffs' Motion for Award of (1) Attorneys' Fees, (2) Reimbursement of Expenses, and (3) Class Representative Service Awards. Class Counsel's requested attorneys' fee award of $1,833,150 represents 33.33% percent of the total Settlement Fund, the percentage commonly awarded by courts in the Second Circuit and other federal courts in similar cases, including this Court, and is therefore reasonable. *See e.g., Patora v. Tarte, Inc.*, Case No. 18-cv-11760-KMK (S.D.N.Y.) (awarding 33% of settlement fund for

attorneys' fees and costs in a consumer fraud case); *Swetz v. GSK Consumer Health, Inc.*, 7:20-cv-04731-NSR (S.D.N.Y.) (same); *Bangoura v. Beiersdorf, Inc. and Bayer Healthcare, Inc.*, 1:22-cv-00291-BMC (E.D.N.Y.) (approving 32% fee award from common fund); *In Re: Hill's Pet Nutrition, Inc., Dog Food Products Liability Litigation*, No. 2:19-md-02887-JAR-TJJ (D. Kan.) (approving 32% fee award from common fund); *In Re: Midwestern Pet Foods Marketing, Sales Practices and Product Liability Litigation*, 3:21-cv-00007-MPB-MJD (approving fee 33.33% fee award from common fund).

24. Additional factors set forth in Plaintiffs' motion papers support the fee request, including: the lodestar cross-check; the substantial risk of non-payment; Class Counsels' performance; the complexity, length, and expense of the litigation; and the stakes of the litigation. *See Mills v. Capital One*, N.A., 2015 WL 5730008, at *14 (S.D.N.Y. Sept. 30, 2015) ("[V]ictory in a contested suit would have been far from clear as there was case law contrary to plaintiffs' position."). The Court also notes that no objections to Class Counsel's fee and expense request were filed.

25. Co-Lead Counsel, Jeffrey Goldenberg, Goldenberg Schneider, LPA; Charles Schaffer, Levin Sedran Berman, LLP; Jason Sultzer, Sultzer & Lipari, PLLC; and Carlos F. Ramirez, Reese LLP are authorized to, and shall, allocate the attorneys' fees and expense reimbursement funds to those attorneys for the Plaintiffs and the Class based upon Co-Lead Counsel's determination of each such attorney' contributions and efforts to this litigation.

26. The Court also grants Class Counsel's request for reimbursement of litigation expenses totaling $35,000, finding the expenses to have been reasonably incurred to litigate the Action in the best interests of the Class and to achieve the favorable Settlement. *See Mills v. Elec. Auto-Lite Co.,* 396 U.S. 275, 392 (1970) (recognizing counsel's right to reimbursement of

9

expenses where a common fund has been established for the benefit of a class); *see also Jermyn v. Best Buy Stores, L.P.*, No. 08-CV-214 (CM), 2012 WL 2505644, at *9 (S.D.N.Y. June 27, 2012)(noting that "[a]ttorneys may be compensated for reasonable out-of-pocket expenses incurred and customarily charged to their clients, as long as they were incidental and necessary to the representation of those clients.").

27.     The Court approves the requested service award to each named Class Representative as follows: a $10,000 service award for Plaintiff Irene Nunez and a $5,000 service award for each other named Plaintiff.  These service awards are to compensate and recognize the considerable time and effort expended by the Class Representatives in initiating, prosecuting, and supporting the case. *Id.* at *17-18. The Court has reviewed declaration of Jeffrey S. Goldenberg [ECF No. 53] reflecting the time and effort the Class Representatives contributed to protect the interests of the Class in pursuing the litigation as well as any individual settlement offer from Defendant that was rejected during the pendency of the litigation in order to proceed with the case to pursue class-wide benefits and finds that the Class has benefitted from those actions as manifested in the favorable Settlement that has been achieved.

Clerk of Court is requested to terminate the motions at ECF Nos. 51 and 59.

IT IS SO ORDERED
White Plains, NY
Date: February 6, 2026

Honorable Nelson S. Román
United States District Court
Southern District of New York