# Sultzer & Lipari

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/18/2026

March 17, 2026

**MEMO ENDORSED**

**VIA ECF**
Judge Nelson S. Roman
The Hon. Charles L. Brieant Jr.
Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

**RE:    Filardi, et al, v. Mid America Pet Food, LLC, Case No. 7:23-cv-11170**

Your Honor:

**(see p. 3)**

We are counsel for Plaintiffs and the class in the above-captioned matter. On March 4 and March 11, 2026, respectively, Objector-Appellants Zef Spaci and Michael Sussman (the "Objectors") filed notices of appeal of the Court's Order granting final approval of the class settlement and Class Counsel's request for attorneys' fees. ECF No. 67. We write pursuant to Rule 3(A)(ii) of Your Honor's Individual Rules to request a pre-motion conference regarding Plaintiffs' anticipated motion for an order requiring the Objectors to post an appeal bond in the amount of at least $5,000 each with respect to their appeals. An appeal bond is warranted because, among other things, Class Counsel has been unable to verify the identities of Mr. Spaci and Mr. Sussman, they have refused to communicate regarding their claims and objections despite multiple attempts by the Claims Administrator, and investigations by the Claims Administrator and Class Counsel indicate that the Objectors are part of an organized serial objection scam. *See* ECF No. 61-3; Declaration of Gregory Holmes (annexed hereto). Class Counsel's investigation indicates that one member of this fraudulent scheme is Pat Zhen, who filed an objection to another class action settlement before Judge Karas *in Kessler, et al v. The Quaker Oats Co.*, Index No: 24-cv-526-KMK ("Quaker"). Based on Class Counsel's investigation into Mr. Zhen and the indicia of fraud associated with his objection and appeal, Judge Karas imposed a $5,000 appeal bond. *Quaker*, at ECF No. 88. This Court should do the same here.

On February 6, 2026, following months of negotiation and a mediation before the Honorable Diane M. Welsh (Ret.), this Court granted final approval of the class action settlement between Plaintiffs and Defendant, Mid America Pet Food, LLC. See ECF No. 66. The Settlement provides a substantial monetary recovery to the Class: $5.5 million for the financial injury they suffered when purchasing Defendant's food products that were potentially contaminated with Salmonella. As a result of the success of the Settlement and the extraordinary relief provided to the Class, only two objections to the Settlement were filed. After full briefing by Plaintiffs and an opportunity for the Objectors to respond and be heard at the final fairness hearing, the Court overruled all of their objections, found the Settlement fair, adequate, and reasonable, and approved the Settlement in full. Notably, the Court recognized that, in addition to being meritless, Mr. Spaci's and Mr. Sussman's objections bore indices of fraud and they lacked standing to object. *Id*. at p. 6.

---

Mr. Spaci and Mr. Sussman, however, refused to accept the Court's ruling and instead chose to delay distribution of the Settlement by filing a notice of appeal to the Second Circuit — a tactic all too often used and abused by objectors who count on settling parties to pay them to withdraw their appeals rather than endure the delay and expense of continued litigation. For the reasons set forth herein and in Plaintiffs' anticipated motion, the Court should require the Objectors to post an appeal bond under Rule 7 of the Federal Rules of Appellate Procedure, which states "[i]n a civil case, the District Court may require an appellant to file a bond or provide other security in any form and amount necessary to ensure payment of costs on appeal."

In evaluating a proposed appellate bond under Rule 7, a court considers the following factors: "(1) the appellant's financial ability to post a bond, (2) the risk that the appellant would not pay appellee's costs if the appeal loses, (3) the merits of the appeal, and (4) whether the appellant has shown any bad faith or vexatious conduct." *Stillman v. Inservice Am., Inc.*, 838 F.Supp.2d 138, 140 (S.D.N.Y. 2011). Here, each factor favors imposing appeal bonds..

First, the Objectors' ability to pay the bond is presumed because there is no evidence that they are unable to pay. *See In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d 289, 293 (S.D.N.Y. 2010) ("[T]he Objectors have not presented any evidence demonstrating that they lack the financial ability to post a bond. Accordingly, the Objectors' ability to do so is presumed.") Notably, Mr. Spaci's objection claimed that he was "elderly, physically, visually, and hearing impaired," but did not assert that he had limited financial resources. ECF No. 54, p. 19. To the contrary, Mr. Spaci's objection specifically contemplated hiring an attorney "on appeal to represent me…." Id. Mr. Sussman has also not demonstrated that he lacks financial resources and, in fact, purports to "manage a couple companies." ECF No. 55. Moreover, both objectors have paid the $605 filing fee for their notices of appeal. See ECF Nos. 67 & 68.

Second, there is a significant risk that the Objectors will not pay appellees' costs upon the inevitable denial of their appeals. Mr. Spaci and Mr. Sussman purport to reside outside New York, in Pennsylvania and Florida, respectively. ECF Nos. 54 & 55. When an appellant resides out-of-state, as Objectors do, the difficulty of collecting payment post-appeal increases, weighing in favor of posting a bond. *See In re Currency Conversion Fee Antitrust Litig.*, 2010 U.S. Dist. LEXIS 50436, at *2 (S.D.N.Y. Jul. 19, 2010) (finding a significant risk of non-payment where appellants were dispersed around the country).

Moreover, there are additional reasons to suspect that collecting costs from the Objectors may prove challenging. Specifically, Class Counsel received information suggesting that "Zef Spaci" is not who he says he is or may not exist at all, and that both Mr. Spaci (to the extent he is a real person) and Mr. Sussman are connected to what Class Counsel believes to be a ring of fraudulent objectors. See ECF No. 61-3; Declaration of Gregory Holmes (annexed hereto). Indeed, neither Mr. Spaci nor Mr. Sussman responded to the Claims Administrator's multiple attempts to communicate with them about their claims and objections. See ECF No. 61-3. The justifiable concerns regarding the validity of Mr. Spaci's and Mr. Sussman's identities make it even more unlikely that Class Counsel will be able to recover their costs when the Objectors' appeals are inevitably denied.

Third, the Court has already found Mr. Spaci and Mr. Sussman's objections to be meritless, and the Second Circuit will agree. *See In re AOL Time Warner, Inc.*, 2007 U.S. Dist. LEXIS

69510, at *7 (S.D.N.Y. Sep. 19, 2007) (granting motion for appeal bond where the Court had already "specifically rejected another non-class member's argument that it was entitled to a portion of the DOJ Funds"). That the Objectors lacked standing to object and presented meritless objections, discussed at length in Class Counsel's Reply Memorandum (ECF No. 60), further weighs in favor of requiring an appeal bond. *In re AOL Time Warner, Inc.*, 2007 U.S. Dist. LEXIS 69510, at *7-8 (granting motion for appeal bond where the objector "concedes that it is not a securities class member"). Notably, this Court's well-reasoned denial of the objections will be judged by the appeals court by an abuse of discretion standard. *See In re Initial Pub. Offering Sec. Litig.*, 728 F. Supp. 2d at 293 ("Having considered the Objectors' arguments on appeal, I predict that the October 5 Opinion and Order will be affirmed. Class action settlements are reviewed on appeal for abuse of discretion and there is nothing to suggest that this Court will be reversed on appellate review."). Combined with the Objectors' lack of standing and the meritless nature of their objections, the likelihood of success on appeal is exceedingly small. *See Adsani v. Miller*, 139 F.3d 67, 79 (2d Cir. 1998) ("In setting the amount of a Rule 7 Bond, a district court may 'prejudge[]' the case's chances on appeal.").

Additionally, as the Court observed in its Order granting final approval of the Settlement, Mr. Spaci's and Mr. Sussman's objections bore indices of fraud. *See* ECF No. 66, p. 6. The factual record supporting those findings includes the Declaration of Derrick Burroughs, Chief Operating Officer of Angeion Group, LLC, the Claims Administrator in this case. See ECF No. 61-3. Mr. Burroughs' Declaration details the connection between the Objectors and numerous other individuals who have been associated with suspected fraudulent claim submission attempts in other class action settlements. *Id*. at ¶¶20-28. Those findings are supported by the annexed declaration of Gregory Holmes, a former United States Marshal, who conducted an investigation and concluded that Mr. Spaci and Mr. Sussman have attempted to conceal their identities and addresses, as well as finding other indicia of fraud.

Under Rule 7 and well-settled Second Circuit caselaw, the Court should impose an appeal bond on Mr. Spaci and Mr. Sussman of at least $5,000 each to cover the costs of printing, copying, and mailing the briefing, related to the appeals. While a precise estimate of Class Counsels' costs on appeal is not possible at this stage, as the ultimate cost will depend on the length of briefs that have yet to be written, $5,000 to cover these costs is comparable to appeal bonds granted in similar class action cases, including by Judge Karas is Quaker. *See Quaker* at ECF No. 88 (citing cases imposing between $5,000 and $50,000 on class action objector-appellants).

We thank the Court for considering this request for a pre-motion conference

**SULTZER & LIPARI, PLLC**

Jason P. Sultzer, Esq.

**The Court waives the pre-motion conference requirement and sets the following briefing schedule: (1) Plaintiffs' motion for an order requiring Objector-Appellants Zef Spaci and Michael Sussman to post an appeal bond shall be served (not filed) by April 3, 2026; (2) Objector-Apellants' response shall be served (not filed) by April 17, 2026; and (3) Plaintiffs' reply shall be served and filed May 1, 2026. All motion papers shall be filed on the reply date, May 1, 2026. The Parties shall email an electronic copy of their papers to Chambers as they are served.**

SO ORDERED:

Dated: March 18, 2026
White Plains, New York

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE