USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___4/15/2026___

7:23-cv-11170-NSR
Filardi v. Mid America Pet Food LLC

## MEMORANDUM ENDORSEMENT

The Court informs Objector-Appellant Michael Sussman that SDNY's "bundle rule," which the Court adheres to, is proper and not unconstitutional as Courts have discretion to set their own briefing schedules either through formal rules or individual rules. The Court construes Mr. Sussman's letter dated April 6, 2026 at ECF No. 71 (attached below) as requesting an extension because he has yet to receive Class Counsel's motion. In accordance with the Court's Order on March 18, 2026 (ECF No. 70), Class Counsel emailed Chambers with proof that they served their motion to Objector-Appellants Michael Sussman and Zef Spaci by First Class Mail on the Court-ordered deadline of April 3, 2026.

The Court recognizes that First Class Mail can result in delays. Accordingly, the remainder of the briefing schedule is revised as follows: (1) Objector-Apellants' response shall be served (not filed) by April 24, 2026; and (2) Plaintiffs' reply shall be served and filed May 15, 2026. All motion papers shall be filed on the reply date, May 15, 2026. The Parties shall email an electronic copy of their papers to Chambers as they are served.

Dated: April 15, 2026
White Plains, New York

_____
Nelson S. Roman
U.S. District Court Judge

Michael Sussman
1686 S. Federal Highway #151
Delray Beach, FL  33483
mike.sussman@pm.me

April 6, 2026

Hon. U.S. District Judge  Nelson S. Roman
United States District Court
300 Quarropas Street
White Plains, NY  10601

      In re: 7:23-cv-11170  Mid-America Pet Food Class Action, Entry 70

Dear Judge Roman:

The undersigned is an objector in this case.  This letter constitutes a request for reconsideration or modification of this Court's directives at Entry 70 so that the procedure complies with *Courthouse News Service v. Corsones*, 131 F.4th 59 (2nd Cir. 2025) and allows for adequate time to respond to any motion considering that said motion has not yet been received by the undersigned.

Due to procedures in the Southern District of New York that are not present in nationwide class actions that occur in other courts, the Clerk does not add objectors to the docket as interested parties.  Because of this, even if an objector was to apply for electronic access and have it granted, the Clerk's office would not be able to provide access.

The result of this systematic anomaly is that notice of Orders are not provided to Objectors by e-mail or regular mail.  Yet, without attaching a certificate of service, Class Counsel submitted a letter to this Court on March 17, 2026, seeking to file a motion for an appeal bond (Entry 69).  Possibly either because the Court did not realize that Class Counsel omitted any form of a certificate of service, or this Court assumed the objectors received electronic notifications, it granted the motion at Entry 70 without first requiring compliance with Rule 5. This Court made no effort to notify the Objectors about the Order.  Specifically, no indication exists that the Court served the Order on the Objectors by mail or email, and the Court did not require Class Counsel to do so, prejudicing the non-party Objectors.

The Order, which I stumbled on over the weekend when working on the appeal, directs Class Counsel to *serve* but not file his motion, then directs that I *respond* to this motion by April 17, 2026 regardless of when I receive it.  However, Class Counsel did not electronically *serve* this motion as would have been a courtesy, but may *possibly* have mailed it regular mail that could take up to ten days for delivery under new non-daily mail delivery procedures of the post office.  Since this Court directed that said motion not be filed on the public docket,  I am to respond by April 17, 2026 to the motion that I have not yet received and am not sure when I will receive it.

In most courts, perhaps to comply with the Constitution's demand that court records be made public in a timely manner, and Rule 79, Class Counsel would have filed his motion and it would be available for

the public to view on the PACER, reducing the prejudice and making a timely response possible.

However, this Court instead implemented a procedure that has motions and responses provided to Chambers in private via email with no timely access available by the public for nearly a month. [1] Pursuant to *Courthouse News Service v. Corsones*, 131 F.4th 59 (2nd Cir. 2025), this procedure deprives the public of timely access especially where no purpose for the delay has been provided except for, perhaps, archaic habit.  It may be that this is normal practice before the Southern District of New York; however, it is unconstitutional, a breach of this Court's fiduciary duties to the class, prejudicial to the undersigned, a *de facto* temporary seal of the motion, and is simply arcane and outmoded considering the PACER.

As a final matter, I determined that the post office was not delivering documents to the Clerk's office for filing in a timely manner.  I spoke with the White Plains Post Office and they advised that the Clerk's office set up some form of directive to hold the mail instead of having it delivered. This necessarily means that correspondence, such as my Notice of Appeal, would be picked up the day after the date it would have been delivered resulting in a late time stamp.  In my case, because another objector filed a notice of appeal, my notice became timely.  However, if the other objector did not file a notice of appeal, my appeal would have been late not because it was not delivered on the deadline, but because of the Clerk's policy to direct the post office not to deliver mail and instead having a court employee retrieve these items at least one day later than they would have been delivered.  This procedure – which applies even to Express Mail and Priority Mail, violates due process.  Often, notices of appeal, motions for reconsideration, and other matters must adhere to jurisdictional deadlines that are interfered with through the unconstitutional practice of the Clerk of Court.

Therefore, with all due respect, I vehemently object and  request that:  (1) This Court direct that all communication with the Court be filed with the Clerk and immediately made available to the public so that the class members, the press, and the objectors may actually view them; (2) Provide at least fourteen days, along with three days for mailing, of a response from the time that the motion is made public; (3) That the Court serve any and all Orders targeted to the objectors upon them;  (4) that this Court require Class Counsel to utilize a certificate of service in any document filed pertaining to an Objector unless ECF access is provided; (5) That this letter be lodged on the docket forthwith for public viewing upon receipt by the Clerk; and (6) the Clerk be directed to allow the United States Postal Service to deliver mail to them for date stamping on the date of delivery rather than the date the Clerk arbitrarily retrieves the mail the day after it would have been delivered.
Very truly yours,

Michael Sussman

CERTIFICATE OF SERVICE:  I certify that all of the parties are ECF members and will receive notification when this letter motion is filed on the public record; however, I mailed a true copy to Zef Spaci, 501 Semple Drive, Irwin PA  15642; and emailed a copy to all counsel listed on the docket sheet on April 6, 2026.

---

[1] Specifically, the motion will be emailed by Class Counsel to the Judge's chambers on April 3, 2026, but not filed until May 1, 2026, without cause or reason considering the ECF system allows for immediate filing.